UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Air China Limited,

                        Plaintiff(s),

      -against-

Nelson Li (a/k/a Sheng Li), et al.,

                        Defendant(s).

No. 07 Civ. 11128 (LTS)(DFE)

INITIAL CONFERENCE ORDER



LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1.    It is hereby ORDERED that counsel[1] for plaintiff(s) shall serve a copy of this Initial Conference Order on each defendant within ten (10) calendar days following the date of this order, and that a copy of this Preliminary Pre-Trial Order shall also be served with any subsequent process that brings in additional parties, and that proof of such service shall be filed with the Court promptly

2.    It is further ORDERED that plaintiff(s) shall file with the Court and serve on all defendants, no later than **February 1, 2008** a RICO Statement, which RICO Statement shall set forth the facts upon which plaintiff(s) rely in asserting the RICO claim(s) in light of, and with particular attention to, the "reasonable inquiry" required by Fed R. Civ. P. 11. The RICO Statement shall be in a form using the numbers and letters set forth below and shall:

a. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c) and/or (d).

b. List each defendant and describe the alleged misconduct and basis of liability of each defendant.

c. List other wrongdoers, other than the named defendants, and describe the alleged misconduct of each wrongdoer.

d. List the victims and state how each victim was injured.

e. Describe in detail the pattern of racketeering activity or collection of unlawful debts for each RICO claim. The description of the pattern of racketeering shall:

(1) List the predicate acts and the specific statutes which were violated;

---

[1]     As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro-se, mean such party.

(2) State the dates of the participants' involvement in the predicate acts, and the facts surrounding the predicate acts;

(3) If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the nature, time, place and contents of misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made; it must be clear why the plaintiff claims the acts to constitute fraud or misrepresentations;

(4) State whether there has been a criminal conviction for violation of the predicate acts;

(5) State whether civil litigation has resulted in a judgment with regard to the predicate acts;

(6) Describe how the predicate acts form a "pattern of racketeering activity"; and

(7) State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

f. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall:

(1) State the names of the individuals, partnerships, corporations, associations, or other legal entities that constitute the enterprise;

(2) Describe the structure, purpose, function and course of conduct of the enterprise;

(3) State whether any defendants are employees, officers or directors of the alleged enterprise;

(4) State whether any defendants are associated with the enterprise;

(5) State whether you claim that the defendants are individuals or entities separate from the enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

(6) if any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

g. State and describe in detail whether you claim that the pattern of racketeering

activity and the enterprise are separate or have merged into one entity.

h. Describe the relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

i. Describe what benefits, if any, the enterprise receives from the alleged patterns of racketeering.

j. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

k. If the complaint alleges a violation of U.S.C. § 1962(a):

(1) State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

(2) Describe the use or investment of such income.

l. If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.
m. If the complaint alleges a violation of 18 U.S.C. § 1962(c):

(1) State who is employed by or associated with the enterprise; and

(2) Describe whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

n. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

o. Describe the alleged injury to business or property.

p. Describe the direct causal relationship between the injury and the violation of the RICO statute.

q. List the damages sustained for which each defendant is liable.

r. List all other federal causes of action, if any, and provide the relevant statute numbers.

s. List all pendent state claims, if any.

t. Provide any additional information potentially helpful to the Court in adjudicating your RICO claim.

3. It is further ORDERED that each defendant's time to respond to the complaint is hereby extended until the later of (a) thirty (30) days following service of the RICO Statement upon such defendant and (b) thirty (30) days following plaintiff's filing of a certificate of service documenting service of the RICO Statement upon such defendant.

4. It is further ORDERED that a pre-trial conference shall be held in the above-captioned matter on **April 4, 2008** at **11:30 a.m.** in Courtroom No. $17C^2$, 500 Pearl Street, New York, New York 10007.

5. It is further ORDERED that counsel[3] for the parties confer preliminarily at least twenty-one (21) days prior to the date set forth in paragraph 4 above to discuss the following matters:

    a. Facts that are not disputed and facts that are in dispute.
    b. Contested and uncontested legal issues.
    c. The disclosures required by Fed. R. Civ. P. 26(a)(1).
    d. Anticipated amendments to the pleadings, and an appropriate deadline therefor.
    e. Settlement.
    f. Whether each party consents to trial of the case by a magistrate judge.
    g. Anticipated further discovery, including discovery of electronically stored information and procedures relevant thereto, and an appropriate deadline for the conclusion of discovery.
    h. Whether expert witness evidence will be required, and appropriate deadlines for expert witness discovery.
    i. Whether dispositive motions may be appropriate, and a deadline for such motions.
    j. Evidence to be presented at trial and the length of time expected to be required for the presentation of evidence at trial.

6. It is further ORDERED that counsel for all parties shall confer and shall prepare, execute and file with the Court, with a courtesy copy provided to chambers of the undersigned, no later than seven (7) days before the date set forth in paragraph 4 above a single document captioned PRELIMINARY PRE-TRIAL STATEMENT, which shall be signed by all counsel, shall set forth the following information and which shall constitute the written report required by Fed. R. Civ. P. 26(f):

    a. A concise statement of the nature of this action.
    b. A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.
    c. A concise statement of all material uncontested or admitted facts.
    d. A concise statement of all uncontested legal issues.
    e. A concise statement of all legal issues to be decided by the Court.

---

[2] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

[3] As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro-se, mean such party.

f. Each party's concise statement of material disputed facts.

g. A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

h. Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

i. A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

j. Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.

k. A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).

l. What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.

m. The subjects on which disclosure may be needed and a proposed discovery cut-off date.

n. Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

o. What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.

p. The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

q. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

r. Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

7. It is further ORDERED that counsel shall be prepared to discuss the foregoing at the pre-trial conference, as well as anticipated dispositive motions and a deadline therefor.

8. It is further ORDERED that counsel attending the pre-trial conference shall seek settlement authority from their respective clients prior to such conference. "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

9. In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

10. This case has been designated an electronic case. Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing promptly upon appearing in the case.

      IT IS SO ORDERED.

Dated: New York, New York
       January 2, 2008

                                    LAURA TAYLOR SWAIN
                                    United States District Judge