```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
AIR CHINA LIMITED,
                                          : Case No.
                                            07 CV 11128
                         Plaintiff,         (LTS)(DFE)
                                          :
             -against-                      (Judge Swain)
                                          :

NELSON LI (a/k/a SHENG LI),               :
JOHN A. VARACCHI (a/k/a JOHN A. DAVIS),
GEORGE F. DONOHUE, JAY KOPF               :
(a/k/a JACOB M. KOPF) CHRISTIAN M. DEUTSCH,
WBM-JMK DEVELOPMENT LLC                   :
(d/b/a WBM INTERNATIONAL DEVELOPMENT), JMK
CONSTRUCTION GROUP LTD.,                  :
TCC INTERIORS, LTD., GMAC REAL ESTATE LLC,
GMAC REAL ESTATE IPG NEW YORK,            :

                         Defendants.      :
-------------------------------------------X
```

## DEFENDANTS' MEMORANDUM OF LAW

### Preliminary Statement

This Memorandum of Law is respectfully submitted by defendants-movants in support of their motion, made pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, for an Order dismissing this action in favor of arbitration. We demonstrate below that the sole basis for the parties' relationship is a Construction Contract for Air China Crew Residence Building at Long Beach, New York (the "Contract") dated May 31, 2005, (the "Contract"), which specifically mandates arbitration for disputes arising thereunder at Article 11 thereof (Exhibit "A" to Kopf Aff.). Since the sole basis for the parties' relationship is the Contract, the claims in question clearly arise

under the Contract or relate to it. The Contract mandates arbitration of all disputes.

Plaintiff's complaint purports to assert alternate claims for relief running the gamut from breach of contract to RICO to common-law fraud, and seeks injunctive relief as well. As best one can understand the factual predicate for the complaint, the essence of it is plaintiff's apparent dissatisfaction with the work performed by various defendants at the project which is the subject of the Contract. The plaintiff's apparent discontent with the construction services clearly arises under the Contract or relates to the Contract. Plaintiff's dissatisfaction with such performance is noted throughout the complaint and is the essence of its claims.

The arbitration provision in issue is a broad one. It appears at paragraph 11 of the parties' Contract (Exhibit "A" to Kopf Aff.). It specifically provides as follows:

> Any claim arising out of or related to the Contract <u>shall</u> be resolved in accordance with the procedures set forth in Article 4 of the GT&C [General Terms & Conditions], including arbitration in New York City before a panel of three arbitrators, in accordance with the rules then prevailing of the American Arbitration Association. (emphasis supplied)

As the Court can see, the arbitration provision is broad in scope and mandates arbitration for any and all disputes arising out of or relating to the Contract or any claimed breach thereof. As the plaintiff is a sophisticated business entity which was represented by counsel in connection with the preparation and negotiation of

the Contract. One must presume plaintiff's understanding of and appreciation for the significance of the arbitration provision.

## ARGUMENT

### DEFENDANTS' MOTION SHOULD BE GRANTED

Our courts have not hesitated to enforce contractual provisions providing for arbitration, such as the one before it, wherein the parties have manifested a clear intent to arbitrate their disputes. Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co., 307 F. 3d 24, 28 (2d Cir. 2002)(Once a valid agreement to arbitrate is found to exist, doubts as to whether a claim falls within the scope of such provision should be resolved in favor of arbitrability). See also Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F. 3d 218, 224 (2d Cir. 2001).

In interpreting an arbitration provision, a court must resolve "any doubts concerning the scope of arbitrable issues" in favor of arbitration. Chelsea Square Textiles v. Bobay Dyeing & Mfg Co., 189 F. 3d 289, 296 (2d Cir. 1999)("Where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage").

The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.

(1988), reflects Congress' intent that arbitration be encouraged in order to reduce the costs and delays associated with litigation. The Act provides, at 9 U.S.C. § 3, as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

In the case at bar, the factual predicate for all of the plaintiff's claims arise out of plaintiff's dissatisfaction with performance under the Contract. Plaintiff then uses its breach of contract claim in order to manufacture a host of alternate claims, all of which have as their common factual underpinning plaintiff's dissatisfaction with performance under the Contract. In essence, all of plaintiff's claims involve the Contract, for which the arbitration clause undisputably is applicable.

At bar, the arbitration clause in the Contract is a broad one providing that "Any claim arising out of or related to the Contract <u>shall</u> be resolved in accordance with . . . the rules then prevailing of the American Arbitration Association". (emphasis supplied). See <u>Leadertex v. Morgantown Dyeing & Finishing Corp.</u>, 67 F. 3d 20, 27-28 (2d Cir. 1995)(The verbiage: "Any controversy or claim arising under or in relation to this

4

order or contract" evinces a broad arbitration clause); Collins & Aikman Prod. Co. v. Building Systems, Inc., 58 F 3d 16, 20 (2d Cir. 1995)(determining that a contractual provision stating that any claim or controversy arising out of or relating to the underlying agreement is the broadest possible language).

The provision in question meets the criteria for being deemed a broad provision. It is broad enough to cover <u>all</u> controversies and <u>all</u> claims raised by plaintiff in this lawsuit even if such claims and controversies have been drafted so as to go beyond routine claims of breach of contract.

It is again notable that the plaintiff in this action was represented by counsel in the negotiations of the Contract, and that plaintiff's counsel actually prepared the Contract. As such, this Court must presume that when plaintiff entered into the Contract, it read it, understood it and knew that if a dispute arose under the Contract (or relating to the Contract) that it first would have to be arbitrated. Despite this, plaintiff has ignored the arbitration clause and prematurely raced to the Courthouse to assert its claims.

## CONCLUSION

The motion to dismiss this action in favor of arbitration should be granted.

Dated: New York, New York
       February 5, 2008

<div style="margin-left: 3em;">
Respectfully Submitted,

LAW OFFICES OF EDWARD WEISSMAN

By _____
Edward Weissman, Esq. (EW-1340)
Attorney for Defendants
60 East 42nd Street
47th Floor
New York, New York 10165
(212) 937-1520
</div>