UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
AIR CHINA LIMITED,

                                                 : Case No.
                                                 07 CIV 11128
                      Plaintiff,    (LTS)(DFE)
                                                 :

         -against-

                                                 : **AFFIDAVIT IN**
                                                 **SUPPORT OF MOTION**
NELSON LI (a/k/a SHENG LI),                  :
JOHN A. VARACCHI (a/k/a JOHN A. DAVIS),
GEORGE F. DONOHUE, JAY KOPF                 :
(a/k/a JACOB M. KOPF) CHRISTIAN M. DEUTSCH,
WBM-JMK DEVELOPMENT LLC                     :
(d/b/a WBM INTERNATIONAL DEVELOPMENT), JMK
CONSTRUCTION GROUP LTD.,                    :
TCC INTERIORS, LTD., GMAC REAL ESTATE LLC,
GMAC REAL ESTATE IPG NEW YORK,           :

                         Defendants.    :
----------------------------------------X

STATE OF NEW YORK  )
                     )ss.
COUNTY OF NEW YORK )

        JAY KOPF, being duly sworn, deposes and says:

        1. I am denominated as a party defendant in this action, and I am a principal of co-defendants JMK Construction Group Ltd., TCC Interiors, Ltd. and have an ownership interest in what has been denominated as defendant WBM-JMK Development LLC. I am fully familiar with all of the facts and circumstances hereinafter set forth and I submit this Affidavit in support of the instant application made on behalf of all defendants for a Order dismissing this action in favor of arbitration in accordance with the express terms of the Construction Contract for Air China Crew Residence Building at Long Beach, New York, dated May 31,

2005 (the "Contract").

2. One of the purposes for this Affidavit is to identify the underlying Contract, which is annexed hereto as Exhibit "A".

3. This case arises out of a contractual dispute involving the construction of a facility for plaintiff in Long Beach, New York.

4. I call the Court's attention to Article 11 of the Contract, identified as **RESOLUTION OF CLAIMS AND DISPUTES**. Article 11 sets forth as follows:

> **11.1** Any claim arising out of or related to the Contract shall be resolved in accordance with the procedure set forth in Article 4 of the GT&C [General Terms and Conditions, which are annexed to the contract], including arbitration in New York City before a panel of three arbitrators, in accordance with the rules then prevailing of the American Arbitration Association **(emphasis supplied)**.
>
> **11.2** The demand for Arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association.
>
> **11.3** Either side can bring the case to the local New York State or Federal Court for reconsideration de novo if it is not satisfied with the arbitration, provided such proceeding is commenced within ninety (90) days of the date of the decision or award of the arbitrational tribunal. If no such court proceeding is commenced within the time specified, the arbitration decision and/or award shall become final, and shall be enforceable in any court of competent jurisdiction.

The Contract was executed by plaintiff Air China Limited. The Contract was also executed by defendant WBM International Development, LLC.

5. It is noteworthy that at the time the Contract was executed, plaintiff Air China Limited was represented by counsel, Elliot R. Clauss, who prepared the Contract. Defendant WBM International Development LLC was not represented by counsel. Hence, plaintiff should not be heard to complain about the arbitration provision or any possible ambiguities. The Contract is of plaintiff's making.*

6. After the parties began having contractual disputes arising out of this project, an attempt was made to resolve those disputes through a subsequent agreement (the "Subsequent Agreement"). A copy of the Subsequent Agreement is annexed hereto as Exhibit "B". The Subsequent Agreement was also prepared by plaintiff's counsel and executed by plaintiff Air China Limited and by defendant WBM International Development LLC. For the Court's convenience, a clearer or more legible copy has been prepared and is annexed immediately following the executed version under Exhibit "B". The Subsequent Agreement, at Article 8, specifically provides as follows:

> This Agreement does not modify the terms and conditions set forth in the contract between the parties, dated May 31, 2005, or

---

\* For instance, the General Terms and Conditions (Exhibit "D"), also prepared by plaintiff, would allow for arbitration at the owner's (Air China) option. Any ambiguity between it and the Contract (Exhibit "A") must be construed against the plaintiff.

3

>   the substantive rights of the parties
>   thereunder.

Thus, the requirement that any disputes arising under the Contract must be arbitrated remained in tact.

   7.   Annexed hereto as Exhibit "C" is a copy of the Summons and Complaint filed in this Court by plaintiff Air China Limited. Although the Complaint purports to assert a host of claims running the gamut from rescission of the Contract as having been a product of fraud to alleged RICO violations and the like, the essence of the complaint is one for breach of contract emanating from the Contract involving the building of the facility at Long Beach, New York. The Contract mandates arbitration.

   8.   Accordingly, the filing of this action in this Court by plaintiff is in direct violation of the applicable provisions of the Contract which mandates arbitration as the means for resolving any claim "arising out of or related to the Contract", as more fully set in Article 11.1 of the Contract (Exhibit "A"). The verbiage is quite broad and clearly encompasses the claims asserted by plaintiff.

   9.   The naming of additional party defendants does not eviscerate the purposes or meaning of the provision which provides for arbitration as the initial means for resolving disputes. All defendants support arbitration as the means for dispute resolution.

   10.  I again remind the Court that the Contract, which is at the centerpiece of this litigation, is a Contract which was

prepared by and negotiated for by plaintiff's counsel in New York. Without the Contract, there would not be relationship between plaintiff and any of the defendants. The Contract provides for arbitration.

11. Equally unavailing to the plaintiff is any possible argument that by having named additional parties to this lawsuit, who are not signatories to the Contract, the arbitration provisions may lose effect. The Court is respectfully referred to the General Terms and Conditions to the Contract, and, more specifically, to Article 4.6.1 thereof (Exhibit "D"). It provides, among other things, as follows:

> Arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or joint filing, any additional person or entity not a party to this Contract to the extent necessary to the final resolution of the matter in controversy.

All defendants agree to arbitration.

12. Based upon the foregoing, it is respectfully requested that the instant action be dismissed in favor of arbitration, in accordance with the clear terms and conditions of the Contract between plaintiff Air China Ltd. and defendant WBM International Development LLC.

13. Lastly, late last month, consistent with the Contract, WBM-JMK Development LLC commenced arbitration against plaintiff with the American Arbitration Association for the monies owing to it by plaintiff.

Plaintiff can assert all of its claims against the defendants in that forum.

_____
JAY KOPF

Sworn to before me this
5 day of February, 2008

_____
Notary Public

**MARY HSU**
Notary Public, State of New York
No. 4956...
Qualified in West... County
Commission Expires ...