UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AIR CHINA LIMITED,

                       Plaintiff,

            - against -

NELSON LI (a/k/a SHENG LI), JOHN A. VARACCHI
(a/k/a JOHN A. DAVIS), GEORGE F. DONOHUE,
JAY KOPF (a/k/a JACOB M. KOPF)
CHRISTIAN M. DEUTSCH,
WBM-JMK DEVELOPMENT LLC (d/b/a WBM
INTERNATIONAL DEVELOPMENT),
JMK CONSTRUTION GROUP LTD.,
TCC INTERIORS, LTD.,
GMAC REAL ESTATE LLC,
GMAC REAL ESTATE IPG NEW YORK,

                       Defendants.
------------------------------------------------------------------x

**Docket No.
07 CV. 11128**
(**LTS**) (**DFE**)

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO DISMISS

### Preliminary Statement

       This Memorandum of Law is respectfully submitted in opposition to defendants' motion to dismiss this lawsuit.  The motion seeks dismissal due to an arbitration proceeding commenced subsequent to the filing and service of the Complaint herein.

       The factual framework which forms the basis for this case is set forth in plaintiff's Complaint and RICO Statement and shall not be repeated herein but will only be summarized herein as follows:

       This action arises from an ongoing fraudulent scheme carried out by defendants who have been engaged in an ongoing conspiracy to, amongst other things, convert and

misappropriate over $4 million dollars belonging to plaintiff by fraudulently deceiving plaintiff and the general public into believing defendants are part of the long esteemed William B. May Real Estate Company. Defendant WBM-JMK Development LLC is a New York State limited liability company. This entity has never had any bonafide offices, employees, experience or general contracting license or backing of any kind. This entity, through the conduct of the individual defendants, has made criminal use of an alias (in violation of N.Y.G.B.L. §130) as part of defendants' scheme to defraud plaintiff.

As part of their scheme to defraud (which continues to date), the defendants created the purported contract dated May 31, 2005 ("the May 2005 Agreement") listing the fictitious name and entity "WBM International Development LLC" as contractor (so as to deceive plaintiff into believing that a William B. May company stood behind the Project), with George F. Donohue signing, under oath, as "President" of that purported company operating out of 505 Eighth Avenue, New York, New York (which in reality was the address for defendants GMAC and Christian M. Deutsch).

## POINT I

### THE PLAIN MEANING AND INTENT
### OF THE AGREEMENT REQUIRES DENIAL OF THE MOTION

The standard applicable to this motion is akin to a Rule 56 motion for summary judgment; determination of whether an issue of fact exists. Bensadun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003). It is respectfully submitted that a plain reading of the agreement at issue requires summary rejection of the motion. In short, the right to choose to arbitrate contractually belongs to plaintiff, not defendants. Plaintiff has not exercised that right, instead proceeding herein where a jury trial and punitive damages and the procedural safeguard of depositions are available to it.

2

The two questions now to be resolved are (1) whether the parties intended to arbitrate and (2) whether the agreement at issue encompasses the claims at issue. Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 T-3d 655, 666 (2d cir. 1997).

The intent issue is resolved by application of the state law on contracts. See Mehler v. Terminix Int'l. Co. L.P., 205 F3d 44, 48 (2d Cir. 2000), cert. denied, 533 U.S. 911, 121 S.Ct. 2262, 150 L.Ed. 2d 247 (2001). (Here, the contract expressly provides for application of New York law.) It is evident from a plain reading of the agreement that there is no factual or logical basis for the motion. In contending that arbitration somehow is mandatory, defendants rely on Article 11.1 of the agreement which specifically incorporates by reference the General Terms and Conditions (attached as part of Exhibit "A" and as Exhibit "D" to the moving papers). However, those provisions expressly indicate that proceeding to arbitration as opposed to litigation is at "Owner's option." See Article 4.6.1; 4.6.2 and 4.4.9 of General Terms and Conditions.

Ironically, in contending that all non-signatory defendants can compel arbitration of this dispute, defendant Jay Kopf (Aff. at para. 11) relies on and quotes from the very provision (General Term and Condition Article 4.6.1) which states that arbitration is at plaintiff's option. It was always the intention of Air China that arbitration would be at our sole option and the agreement bears that out. (see Chen Declaration). Article 11.1 states that (as highlighted in bold print by Mr. Kopf) any claim **shall** be resolved in accordance with the procedures set forth in Article 4 of the General Terms and Conditions "including" arbitration. Thus, arbitration is an option (for Air China) which is included amongst several different available forums, but is not an exclusive forum. Otherwise, there would have been no reference to Article 4 of the General Terms and Conditions and the language of Article 11.1 would clearly limit the parties to the arbitral forum as opposed to simply including it as amongst the procedures to be followed pursuant to Article 4 of the General Terms and Conditions (which as noted above provide this as

3

an option available to plaintiff).  In short, the agreement, procured by fraud, does not require arbitration and the motion should be denied.

The recent filing of the arbitration demand (following the commencement of this suit and the filing of our RICO Statement) does not alter this just result, particularly in light of the facts that (a) all issues raised therein first were raised herein; (b) the agreement does not give defendant the option of arbitrating if plaintiff refuses (and it does); and (c) the agreement clearly allows for litigation de novo regardless of the outcome of any arbitration (Article 11.3) and plaintiff would seek such *de novo* review, relying on this Court's subject matter (federal question and diversity of citizenship jurisdiction).

Clearly, in light of the *de novo* provision, arbitration makes no sense unless both parties agree to it.  Defendants' motion thus betrays not only a tortured analysis of the agreement entirely inconsistent with its clear meaning and intent, but also a dishonest intent to delay a binding and final determination on the merits.

The relevant provisions of the agreement state:

"Nothing contained herein or in the Contract Documents shall preclude Owner's right to immediately avail itself of all equitable rights and remedies, or to proceed directly to any legal action nor proceeding."  General Terms and Conditions §4.4.9

\*     \*     \*     \*

"At Owner's option, all claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, except as provide in Section 2.2.11 with respect to the architect's decision on matters relating to artistic effect, and except for claims which have been waived by Section 4.3.10 or by the making or acceptance of final payment as provided by Sections 9.10.4 and 9.10.5, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rule of the American Arbitration Association then obtaining unless the parties mutual agree otherwise.  Arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or joint filing, any additional person or entity not a party to this

4

> Contract to the extent necessary to the final resolution of the matter in controversy. Contractor shall include an arbitration and consolidation provision in its subcontracts and purchase orders. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law." <u>General Terms and Conditions</u>, §4.6.1

\* \* \* \*

> "At Owner's option, the location for settlement of any and all claims, controversies and disputes arising out of or relating to this Contract or any breach thereof, whether by arbitration or litigation, shall be in the Borough of Manhattan, City, County and State of New York." <u>General Terms and Conditions</u>, § 4.6.2

Clearly, arbitration is not required and the motion "to dismiss" under the FAA (which speaks only of a motion "to stay") should be denied.

The threshold issue in matters of contract interpretation is whether, on its face and without reference to extrinsic evidence, the contract is reasonably susceptible to more than one interpretation; resolution of this issue presents a question of law for the Court. <u>Beltrone Const. Co. Inc. v. State</u>, 592 N.Y.S.2d 832 (Dept. 1993).

It is for the Court to determine, in first instance, whether the language in the contract is ambiguous and susceptible of two or more reasonable interpretations, and if it is found to be ambiguous, extrinsic evidence is admissible to resolve ambiguity. <u>Klein v. Empire Blue Cross and Blue Shield</u>, 569, N.Y.S.2d 838, 173 A.D.2d 1006, (3d Dept. 1991) <u>appeal denied</u> 578 N.Y.S.2d 878, 78 N.Y.2d 863, 586 N.E.2d 61. Here, all provisions clearly provide that arbitration is plaintiff's option, not its obligation.

Under New York law, the interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless is not preferred and will be avoided if possible. <u>Galli v. Metz</u>, 973 F.2d 145. (2d Cir. 1992). If defendants' tortured reading somehow is adopted, wholesale provisions of Article 4 of the General Terms and Conditions would have to

5

be deleted. Furthermore, the entire contract must be considered and all parts of it reconciled, if possible, to avoid inconsistency. Cruden v. Bank of New York, 957 F.2d 961. (2d Cir.992). Thus, the contract should be interpreted so that all of its provisions dwell in harmony with each other to the greatest extent possible. Remy Amerique, Inc. v. Touzet Distribution, S.A.R.L., 816 F.Supp. 213 S.D.N.Y.1993. This is not only possible, it is indeed the only possible interpretation because there really is no conflict amongst the various provisions.

Under New York law, the proper construction of a contract which is unambiguous on its face is a matter of law and the Court looks to document as a whole rather than sentences or clauses in isolation to determine whether ambiguity exists. 200 East 87th Street Associates v. MTS, Inc., 793 F.Supp. 1237 ((S.D.N.Y.) affirmed 978 F.2d 706 (2D Cir.) 192.

The contract should be construed so as to give full meaning and effect to all of its provisions. American Exp. Bank Ltd. v. Uniroyal, Inc., 562 N.Y.S.2d 613, 164 A.D.2d 275, (1st Dept. 1990) appeal denied 569 N.Y.S.2d 611, 77 N.Y.2d 807, 572 N.E.2d 52. The aim of the Court, which may not rewrite the contract, is to arrive at construction which will give meaning to all language employed by the parties. Fox Paper Ltd. v. Schwarzman, 563 N.Y.S.2d 439, 168 A.D.2d 604

As noted above, in interpreting a contract, the Court must give all of the provisions of the contract a reasonable meaning, rather than interpret the agreement in a way which leaves a part useless or inexplicable. Haws Office Systems, Inc. v. Wang Laboratories, Inc., 524 F.Supp. 610 (S.D.N.Y.). Each part of a written agreement should be interpreted to effectuate its overall purpose, and due consideration should be given to the purpose of the parties in making a contract. Schulman Inv. Co. v. Olin Corp., 477 F.Supp. 623 (S.D.N.Y.). A contract will not be construed so as to reject any words as surplusage if they reasonably can be given meaning. In re Leasing Consultants, Inc., 2B.R. 165. (Bkrtcy.N.Y. 1980). Yet, this is exactly what defendants are demanding.

6

Where two seemingly conflicting contract provisions reasonably can be reconciled, a Court is required to do so and to give both effect, whether two documents are contemporaneous and related to or one incorporates the terms of other. <u>Proyecfin de Venezuela, S.A. v. Banco Industrial de Venezuela, S.A.</u> 760 F.2d 390 (2d Cir. 1985). Here, however, there is absolutely no conflict. Contracts that are clear and unambiguous are not made ambiguous simply because the parties to the dispute urge different interpretation. <u>Corcovadeo Music Corp. v. Hollis Music, Inc.</u>, 981 F.2d 679. (2d Cir. 1993).

The contract language is not "ambiguous" when it has definite and precise meaning, unintended by danger of misconception in the purported contract itself, and concerning which there is no reasonable basis for difference in opinion. <u>Seiden Associates, Inc. v. ANC Holdings, Inc.</u>, 959 F.2d 425. (2d Cir. 1992). Defendants rely on a provision which actually supports the interpretation advanced by plaintiff (that arbitration is at its option). Specifically, Article 11.1 states:

> "11.1 Any claim arising out of or related to the Contract shall be resolved in accordance with the procedure set forth in Article 4 of the GT&C (General Terms and Conditions, which are annexed to the contract) including arbitration in New York City before a panel of three arbitrators, in accordance with the rules then prevailing of the American Arbitration Association."

It is the height of intellectual dishonesty to contend that this provision, which expressly incorporates Article 4, also somehow "conflicts" with it.

Again, the Courts do not favor interpretations of contracts which render some of their language nugatory. <u>Chemical Bank v. Affiliated FM Inds. Co.</u>, 815 FSupp. 115. S.D.N.Y. 1991. Under New York law, the Court shall not interpret a written agreement in a way which leaves a part meaningless or ineffectual; where two seemingly conflicting provisions can be reconciled, the Court should do so in order to give both effect whether two documents are

7

contemporaneous and related or where one incorporate terms of the other. <u>Hauser v. Wstern Group Nurseries, Inc.</u> 767 F.Supp. 475 (S.D.N.Y. 1993). The contract provisions should be read to give them meaning and not to deprive them of any purpose. <u>Launois v. Midland-Ross Corp.</u>, 751 F.Supp. 452, affirmed 935 F.2d 1277 (S.D.N.Y. 1990). Here, the plain meaning of the contract provisions is that arbitration is a forum to be used at owner's option, nothing more and nothing less.

## CONCLUSION

Based upon the foregoing, the motion should be denied in its entirety.

Dated: New York, New York
       February 19, 2008

                                                                    Yours respectfully,

                                                                    *Jacques Catafago*
                                                                    _____
                                                                    Jacques Catafago (7894)
                                                                    THE CATAFAGO LAW FIRM, P.C.
                                                                    The Empire State Building
                                                                    350 Fifth Avenue, Suite 4810
                                                                    New York, NY 10118
                                                                    (212) 239-9669

AirChina\Brief-OppMot.2-19-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIR CHINA LIMITED,

                Plaintiff,

- against -

NELSON LI (a/k/a SHENG LI), JOHN A.VARACCHI
(a/k/a JOHN A. DAVIS), GEORGE F. DONOHUE,
JAY KOPF (a/k/a JACOB M. KOPF)
CHRISTIAN M. DEUTSCH,
WBM-JMK DEVELOPMENT LLC (d/b/a WBM
INTERNATIONAL DEVELOPMENT),
JMK CONSTRUTION GROUP LTD.,
TCC INTERIORS, LTD.,
GMAC REAL ESTATE LLC,
GMAC REAL ESTATE IPG NEW YORK,

                Defendants.

**Docket No.
07 CV. 11128
(LTS) (DFE)**

---

### PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO MOTION TO DISMISS

---

        **Jacques Catafago (7894)**
        **THE CATAFAGO LAW FIRM, P.C.**
        **The Empire State Building**
        **350 Fifth Avenue, Suite 4810**
        **New York, NY 10118**
        **(212) 239-9669**