```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
AIR CHINA LIMITED,
                                          : Case No.
                                            07 CV 11128
                    Plaintiff,              (LTS)(DFE)
                                          :
        -against-
                                          :

                                          :
NELSON LI (a/k/a SHENG LI),               :
JOHN A. VARACCHI (a/k/a JOHN A. DAVIS),
GEORGE F. DONOHUE, JAY KOPF               :
(a/k/a JACOB M. KOPF) CHRISTIAN M. DEUTSCH,
WBM-JMK DEVELOPMENT LLC                   :
(d/b/a WBM INTERNATIONAL DEVELOPMENT), JMK
CONSTRUCTION GROUP LTD.,                  :
TCC INTERIORS, LTD., GMAC REAL ESTATE LLC,
GMAC REAL ESTATE IPG NEW YORK,            :

                    Defendants.           :
-----------------------------------------X
```

## REPLY MEMORANDUM OF LAW

This Reply Memorandum of Law is respectfully submitted by the defendants in response to the opposition offered by plaintiff Air China LLC and in further support of defendants' motion to dismiss the action in favor of arbitration.

The essence of plaintiffs' opposition to the motion to dismiss in favor of arbitration is that despite the clear conflict between the main contract, which provides for arbitration as the exclusive means of dispute resolution, and the Terms and Conditions, which provides for arbitration only if the plaintiff wishes to pursue arbitration, the plaintiff gets to resolve any ambiguity. That is not the law. Those two competing provisions could not be in greater conflict. Those two provisions are

inconsistent with each other, notwithstanding the plaintiff's peculiar take.

Rather than burden this Court with another recitation of the facts, this Court is respectfully referred to the Affidavit of Jay Kopf and the Reply Affidavit of Edward Weissman, for the factual basis supporting defendants' position on this motion.

Lastly, the plaintiff's argument that the standard of review on this motion is akin to the standard of review on a motion for summary judgment is utterly without basis.

**ARGUMENT**

**DISMISSAL IN FAVOR OF ARBITRATION IS WARRANTED**

This Court, in GMA Accessories, Inc. v. BOP LLC, WL 456 343 33 (SDNY 2007), held that where there is an ambiguity in a contract, the ambiguity is to be construed against the drafter. In GMA Accessories, the defendant moved, pursuant to Fed. R. Civ. P. 60(b), to withdraw, vacate or modify an Offer of Judgment. Both the plaintiff and the defendant ascribed different meanings to the language contained in the Offer. Judge Swain ruled that even if any ambiguity did exist in the defendant's Offer of Judgment, it would have to be construed against the defendant, as its drafter. Id. Judge Swain, citing to Torres v. Walker, 356 F. 3d 238, 245-6 (2d Cir. 2004), held that any ambiguity must be construed against the drafter of the document.

The Second Circuit uniformly has held that ambiguities in a contract are to be construed against the drafter. McCarthy v. American Intern. Group, 283 F. 3d 121, 123 (2d Cir.

2

2002)(Ambiguous language in a contract of insurance should be construed in accordance with the reasonable expectations of the insured at the time the insured entered into the contract): Retson v. Cinque & Cinque, 221 F. 3d 59, 65-68 (2d Cir. 2000)(under New York law, equivocal contract provisions are generally to be construed against the drafter in cases where doubt or ambiguity arises, and a contract must be construed most strongly against the party who prepared it, and most favorably to a party who had no voice in the selection of its language); Andy Warhol Foundation for Visual Arts v. Federal Ins. Co., 189 F. 3d 208 (2d Cir. 1999)(Ambiguities in contract of insurance ordinarily construed in favor of coverage and against the insurer because the drafter of the policy, the insurer, is responsible for any ambiguity); Westchester Resco Co. v. New England Reinsurance, 818 F. 2d 2, 3 (2d Cir. 1987)(where an ambiguity exists in a contract prepared by one of the parties, the well established contra proferentem principle requires that any ambiguity be construed against that party).

  In the case at bar, the above cited principle applied by Judge Swain and by the Circuit Court of Appeals is clearly applicable. The main contract provides for arbitration as the means for resolving any disputes arising thereunder. The Terms and Conditions conflict with the main contract in that it vests in the plaintiff the sole discretion whether or not to proceed with arbitration. As such, the provisions conflict and a clear ambiguity is presented.

It is undisputed that both the main contract and the Terms and Conditions were prepared by plaintiff's counsel. The documents were <u>not</u> prepared by defendant WBM-JMK Development LLC, which was not represented by counsel when the documents were negotiated for and prepared.

The fact that plaintiff is now unhappy with the scheme which its counsel drafted, and which the parties ultimately agreed to, is irrelevant. That is what was agreed to by the parties. While plaintiff makes noises about wanting to honor the intent of the parties, plaintiff is really saying that it wishes to do so long as plaintiff gets to decide the issue.

Applying the above case law authorities to the facts at bar, defendants' motion to dismiss this action in favor of arbitration should be granted in all respects.

### **CONCLUSION**

By reason of the foregoing, the motion by defendants to dismiss the action in favor of arbitration should be granted.

Dated: New York, New York
       February 22, 2008

                                Respectfully submitted,

                                LAW OFFICES OF EDWARD WEISSMAN

By _____
Edward Weissman, Esq. (EW-1340)
Attorney for Defendants
60 East 42nd Street
47th Floor
New York, New York 10165
(212) 937-1520

P:\COMPANY SHARED\WEISSMAN\YG\CLIENTS\JMK CONSTRUCTION(KOPF)\AIR CHINA\CHINA.V.KOPF.ET.AL.REPLY.MEMO.OF.LAW.DOC