```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
AIR CHINA LIMITED,
                                            : Case No.
                                              07 CV 11128
                    Plaintiff,                (LTS)(DFE)
                                            :
        -against-
                                            : REPLY AFFIDAVIT

NELSON LI (a/k/a SHENG LI),                 :
JOHN A. VARACCHI (a/k/a JOHN A. DAVIS),       Case Assigned to
GEORGE F. DONOHUE, JAY KOPF                 : District Judge
(a/k/a JACOB M. KOPF) CHRISTIAN M. DEUTSCH,   Swain.
WBM-JMK DEVELOPMENT LLC                     :
(d/b/a WBM INTERNATIONAL DEVELOPMENT), JMK
CONSTRUCTION GROUP LTD.,                    :
TCC INTERIORS, LTD., GMAC REAL ESTATE LLC,
GMAC REAL ESTATE IPG NEW YORK,              :

                    Defendants.             :
------------------------------------------X

STATE OF NEW YORK    )
                     )ss.
COUNTY OF NEW YORK   )
```

EDWARD WEISSMAN, being duly sworn, deposes and says:

1. I am a member of the Bar of the Court and I am counsel for the defendants in the above-captioned action. I am fully familiar with all of the facts and circumstances hereinafter set forth and I submit this Reply Affidavit (a) in response to the opposition to defendants' motion to dismiss the action in favor of arbitration, in accordance with the terms of the underlying contract between the plaintiff Air China Limited and defendant WBM-JMK Development LLC (d/b/a WBM International Development), and (b) in further support of defendants' motion.

2. At the outset, the Declaration of Chen Baoqiang,

dated February 15, 2008, devotes the first 45 paragraphs of the Declaration to matters not at all relevant to the instant motion. The defendants will respond to his diatribe when appropriate to do so - - - not on a motion designed to select the appropriate forum for the case.

3. The position taken by the plaintiff on the instant motion appears to be that the clear ambiguity between the main contract, at Article 11.1, and the Terms and Conditions, at Article 4.6.1, one directing arbitration as a means for dispute resolution, and the other directing arbitration only if the owner (Air China) requests it, is of no moment because the plaintiff alone can resolve any ambiguity as it wishes. That is not the law.

4. It is respectfully submitted that the ambiguity here is both obvious and irrefutable. The main contract provides for arbitration as the means for dispute resolution. The Terms and Conditions provide for arbitration as the means for dispute resolution only if the plaintiff wishes to pursue arbitration. It is clear, beyond any legitimate debate, that those competing terms are in direct conflict. There is a clear and obvious ambiguity, notwithstanding the plaintiff's inexplicable refusal to concede the point.

5. As more fully set forth in the Kopf Affidavit (in support of defendants' motion), both the main contract and the Terms and Conditions were prepared by counsel for Air China, the

plaintiff in this action. As such, and as more fully discussed in the Reply Memorandum of Law, any ambiguities or conflicts between the main contract and the Terms and Conditions <u>must</u> be construed against the drafter. The drafter is Air China, the plaintiff in this action.

6. While the plaintiff argues that it alone should decide if the case is to be arbitrated, that is not what the law will allow. While the plaintiff says that the intent of the parties should be recognized, it would then save for itself the exclusive right to determine that intent. While the plaintiff argues that the contract is a product of "fraud", it fails to note that its counsel prepared the document.

7. Plaintiff's argument that arbitration may be wasteful is also unpersuasive. Plaintiff's counsel drafted the relevant documents. The parties agreed to them. Plaintiff should not now be heard to complain about what its counsel did, where the parties agreed to those terms.

8. For the Court's information, the defendant WBM-JMK Development LLC has commenced an arbitration against Air China LLC before the American Arbitration Association. To our knowledge, plaintiff is participating.

9. By reason of the foregoing, and as more fully set forth in the accompanying Reply Memorandum of Law, any ambiguity or conflict must be construed against the drafter, the plaintiff. As such, defendants' motion to dismiss the action in favor of

arbitration should be granted.

*[signature]*
EDWARD WEISSMAN

Sworn to before me this
22nd day of February, 2008

*[signature]*
Notary Public

CORI A. ROBINSON
Notary Public, State of New York
No. 02RO6171871
Qualified in New York County
Commission Expires July 30, 2011

P:\COMPANY SHARED\WEISSMAN\YG\CLIENTS\JMK CONSTRUCTION(KOPF)\AIR CHINA\CHINA.V.KOPF.ET.AL.REPLY.AFFIDAVIT.EW.DOC

4