UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIR CHINA LIMITED,

                                                    No. 07 Civ. 11128 (LTS)(DFE)
                         Plaintiff,

       -against-

NELSON LI, et al.,

                         Defendants.

MEMORANDUM ORDER

           In this action arising out of a contractual dispute involving the construction of a

facility for Air China in Long Beach, New York, Plaintiff asserts RICO and various state law

claims involving the Court's federal question, diversity and supplemental jurisdiction.

Defendants, who represent that they have commenced an arbitration proceeding concerning the

dispute, move to dismiss the Complaint, arguing that the relevant written agreements (the

General Terms and Conditions for Construction Contract ("GT&C Contract") and the

Construction Contract for Air China Crew Residence Building at Long Beach, New York

("Construction Contract")) mandate arbitration of Plaintiff's claims.  The Court has carefully

considered all of the parties' submissions on the motion.

           As the Second Circuit has noted, "[t]he Federal Arbitration Act, 9 U.S.C. §§ 1 et

seq. (1988), requires the federal courts to enforce arbitration agreements, reflecting Congress'

recognition that arbitration is to be encouraged as a means of reducing the costs and delays

associated with litigation."  Vera v. Saks & Co., 335 F.3d 109, 116 (2d Cir. 2003) (citation

omitted).  Where a motion is brought to compel arbitration, a court "applies a standard similar to

that applicable for a motion for summary judgment" in that it must determine whether there is "an issue of fact as to the making of the agreement for arbitration." Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003).  There is no dispute here that the parties entered into the aforementioned agreements, or that the agreements include a provision for arbitration.  The issue before the Court is, rather, whether the arbitration provision precludes Plaintiff from litigating its claims in this forum.

Agreements to arbitrate are enforced in accordance with their terms.  Volt Info. Sci. v. Bd. of Trustees, 489 U.S. 478 (1989).  "[I]n deciding whether the parties agreed to arbitrate a certain matter, courts should generally apply state-law principles that govern the formation of contracts."  Mehler v. Terminix Int'l Co. L.P., 205 F.3d 44, 48 (2d Cir. 2000).  "A contract must be interpreted as a whole, with regard to all of its provisions; provisions should not be selected and interpreted in isolation, without regard to other provisions of the contract which bear upon them."  Mercury Partners LLC v. Pacific Medical Buildings, L.P., No. 02 Civ. 6005, 2007 WL 2197830, *9 (S.D.N.Y. Jul. 31, 2007); Galli v. Metz, 973 F.2d 145, 149 (2d Cir. 1992) (holding "[u]nder New York law an interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible").

New York law governs the resolution of this dispute because the parties agreed that the law of the location of the project (here, Long Beach, New York) controls their contractual rights.  (GT&C Contract § 13.1.1.)  The agreements at issue consist of two documents.  Article I of the Construction Contract recites that the construction of the Air China facility was to be completed as described in "Contract Documents" consisting of that agreement and the annexed GT&C Contract, among other documents.  The first paragraph of the GT&C

Contract notes that "[t]his document constitutes an integral part of the Contract between the Owner and Contractor." Both documents, as reproduced in Exhibit A to Defendants' moving papers, bear signatures on behalf of Plaintiff and of defendant WBM International Development, LLC.[1] Defendants rely on Paragraph 11 of the Construction Contract, which reads, in pertinent part:

> Any claim arising out of or related to the Contract shall be resolved *in accordance with the procedures set forth in Article 4 of the GT&C*, including arbitration in New York City before a panel of three arbitrators, in accordance with the rules then prevailing of the American Arbitration Association.

(Kopf Aff. Ex. A) (emphasis supplied). Article 4 of the GT&C Contract is titled "Resolution of the Claims and Disputes." Section 4.6.1, ("Arbitration") of that Article reads in pertinent part:

> At *Owner's* [Plaintiff's] *option*, all claims, disputes and other matters in question . . . shall be decided by arbitration . . . unless the parties mutually agree otherwise.

(Id.) (emphasis supplied). Section 4.6.2 of Article 4 provides:

> At *Owner's* [Plaintiff's] option, the location for settlement of any and all claims, controversies and disputes arising out of or relating to this Contract or any breach thereof *whether by arbitration or litigation* shall be in the Borough of Manhattan, City, County, and State of New York.

---

[1]    While WBM International Development LLC is the only defendant that is a signatory to the Construction Contract and the GT&C Contract, Defendants assert that they are all entitled to demand arbitration pursuant to the Construction Contract. In view of the disposition of this matter, it is unnecessary for the Court to address the issue of whether the non-signatory defendants are entitled to invoke the arbitration provision.

(Id.) (emphasis supplied).[2]  Defendants argue that Paragraph 11 of the Construction Contract is broad and mandates arbitration of Plaintiff's claims.  Defendants additionally contend that Article 4 of the GT&C Contract conflicts with Paragraph 11 of the Construction Contract, and that the ambiguity should be resolved against Plaintiff as the drafter of the agreements.

Article 4.6.1 unambiguously provides that the arbitrability of claims is at Plaintiff's sole option.  Paragraph 11 and Article 4.6.1 do not conflict, but rather, complement one another.  See Mercury Partners LLC, 2007 WL 2197830, *9.  Paragraph 11 of the Construction Contract does not itself define dispute resolution procedures, but instead refers the reader to Article 4 of the GT&C Contract for the specifics of the parties' dispute resolution agreement.  The GT&C Contract defines the arbitration rights under the agreement as a whole, and unambiguously provides that the right to elect between arbitration and litigation is that of "Owner" – that is, Plaintiff.  The agreements at issue neither preclude litigation of Plaintiff's

---

[2]      Other relevant sections of Article 4 which provide for rights and remedies at Owner's (Plaintiff's) election include:

Section 4.4.9:

> Nothing contained herein or in the Contract Documents shall preclude Owner's [Plaintiff's] right to immediately avail itself of all equitable rights and remedies, or to proceed directly to any legal action or proceeding.

Section 4.4.5 (in pertinent part):

> The approval or rejection of any other disposition of a Claim by the Architect, upon failure of acceptance by either party, [is] subject to arbitration at Owner's [Plaintiff's] sole discretion, or to litigation.

claims nor give WGM International Development LLC or any other defendant the right to compel the resolution of disputes under the agreements by arbitration.

The Court has an obligation to interpret the contract with regard to all of its provisions, and to interpret it in a way in which no provision is rendered meaningless. An interpretation of Paragraph 11 that allows Defendants to compel arbitration of Plaintiff's claims renders Article 4.6.1's instruction that arbitration is at Plaintiff's option meaningless and, more generally, is nonsensical in light of the clear language of both provisions. See Galli, 973 F.2d at 149.

Accordingly, Defendants' Motion to Dismiss the Complaint is denied. An initial pre-trial conference in this matter is scheduled for May 9, 2008, at 2:15 p.m. The parties are directed to comply with the Court's January 3, 2008, Initial Conference Order in anticipation of the May conference. This Memorandum Order resolves docket entry no. 17.

SO ORDERED.

Dated: New York, New York
       March 17, 2008

LAURA TAYLOR SWAIN
United States District Judge