UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
AIR CHINA LIMITED,

                         Plaintiff,

    -against-

NELSON LI (a/k/a SHENG LI),
JOHN A. VARACCHI (a/k/a JOHN A. DAVIS),
GEORGE F. DONOHUE, JAY KOPF
(a/k/a JACOB M. KOPF) CHRISTIAN M. DEUTSCH,
WBM-JMK DEVELOPMENT LLC
(d/b/a WBM INTERNATIONAL DEVELOPMENT), JMK
CONSTRUCTION GROUP LTD.,
TCC INTERIORS, LTD., GMAC REAL ESTATE LLC,
GMAC REAL ESTATE IPG NEW YORK,

                       Defendants.
-------------------------------------------X

: Case No.
  07 CV 11128
  (LTS)(DFE)

: **ANSWER AND COUNTERCLAIM**

: **TRIAL BY JURY DEMANDED**

    Defendants, by their attorney, Edward Weissman, Esq., as and for their Answer to the complaint asserted by plaintiff Air China Limited ("Air China"), set forth as follows:

### Preliminary Statement

    The plaintiff in this action is an arm or instrumentality of the repressive Peoples Republic of China which, through this lawsuit, unfairly has targeted United States citizens and their businesses in an attempt to blame such individuals and businesses for the contractual failings and other missteps of Air China in having a facility in Long Beach, New York renovated. Air China repeatedly breached the construction contract and its amendment, all the while placing Air China personnel in charge of

the construction process who had little or no experience in the construction field.

Furthermore, as the facts at trial will demonstrate, Air China not only failed to pay defendant WBM-JMK Development LLC ("WBM-JMK") in full for construction services performed, as agreed, but also failed to pay others, including, upon information and belief, an architect, an engineer and governmental authorities, in an unmistakable pattern which led directly and contributed to the delays and problems which beset construction at the facility.

Despite the obstacles created by Air China, the evidence at trial will show that ninety (90%) percent of the project was successfully completed by WBM-JMK, and approved by Air China. At the time Air China impermissibly "terminated" the construction contract in an attempt to escape its remaining contractual obligations to WBM-JMK, the vast majority of the services had been successfully performed and completed.

Air China, through its attorneys, have attempted to distort the facts in order to transform a garden-variety action for breach of contract - - - in which Air China is, in fact, the breaching party - - - into a massive "conspiracy" against Air China, which is demonstrably untrue. The baseless allegations of Air China violate Fed. R. Civ. P. 11, as the evidence will show.

## ANSWER

1. Deny each and every allegation set forth in paragraphs 1 through 4 of the complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5 through 7 of the complaint, except aver, upon information and belief, that plaintiff is owned, operated and controlled by the Peoples Republic of China, one of the most oppressive regimes on the face of the earth.

3. Deny each and every allegation set forth in paragraphs 8 through 17 of the complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 18 through 22 of the complaint.

5. Deny each and every allegation set forth in paragraphs 23 through 30 of the complaint.

6. With respect to paragraph 31 of the complaint, admit only that Jay Kopf is the president of JMK Construction Group Limited ("JMK") and deny the balance of the allegations.

7. Deny each and every allegation set forth in paragraph 32 of the complaint, and admit only that JMK maintains offices at 1123 Broadway, New York, New York.

8. Deny each and every allegation set forth in paragraphs 33 through 183 of the complaint, expressly aver (i) that any activity taken by any of the defendants, including WBM-JMK, was in furtherance of the contractual obligations of WBM-JMK under the contract for the construction of a facility for the plaintiff in Long Beach, Mew York and (ii) by lumping together the

defendants without distinction it is impossible to determine whether the allegations relate to some or all of the defendants.

9. With respect to paragraph 184 of the complaint, defendants repeat, reiterate and reallege each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 of the complaint, as if more fully set forth herein at length.

10. Deny each and every allegation set forth in paragraphs 185 through 190 of the complaint, and further aver that, as pled, it is impossible to determine which defendants, it is claimed, engaged in various activities.

11. With respect to paragraph 191 of the complaint, defendants repeat, reiterate and reallege each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 and 185 through 190 of the complaint, as if more fully set forth herein at length.

12. Deny each and every allegation set forth in paragraphs 192 through 194 of the complaint.

13. With respect to paragraph 195 of the complaint, defendants repeat, reiterate and reallege each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 of the complaint, as if more fully set forth herein at length.

14. Deny each and every allegation set forth in paragraphs 196, 197 and 198 of the complaint.

15. With respect to paragraph 199 of the complaint, defendants repeat, reiterate and reallege each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 of the complaint, as if more fully set forth herein at length.

16. Deny each and every allegation set forth in paragraphs 200 through 203 of the complaint.

17. With respect to paragraph 204 of the complaint, defendants repeat, reiterate and reallege each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 of the complaint, as if more fully set forth herein at length.

18. Deny each and every allegation set forth in paragraphs 205 through 208 of the complaint.

19. With respect to paragraph 209 of the complaint, defendants repeat, reiterate and reallege each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 of the complaint, as if more fully set forth herein at length.

20. Deny each and every allegation set forth in paragraphs 210 through 214 of the complaint.

21. With respect to paragraph 215 of the complaint, defendants repeat, reiterate and reallege each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 of the complaint, as if more fully set forth herein at length.

22. Deny each and every allegation set forth in paragraphs 216 through 221 of the complaint.

23. With respect to paragraph 222 of the complaint, defendants repeat, reiterate and reallege each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 of the complaint, as if more fully set forth herein at length.

24. Deny each and every allegation set forth in paragraphs 223 through 231 of the complaint.

25. With respect to paragraph 232 of the complaint, defendants repeat, reiterate and reallege each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 of the complaint, as if more fully set forth herein at length.

26. Deny each and every allegation set forth in paragraphs 233 through 236 of the complaint.

27. With respect to paragraph 237 of the complaint, defendants repeat, reiterate and reallege each and every denial,

denial of knowledge or information sufficient to form a belief or admission heretofore interposed by them with respect to paragraphs 1 through 183 of the complaint, as if more fully set forth herein at length.

28. Deny each and every allegation set forth in paragraphs 238 and 239 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

29. Air China's claims are barred by its own misconduct, including, but not limited to breaches by Air China under its construction contract with WBM-JMK, and other defaults and omissions by Air China which delayed and hindered progress at the project.

### SECOND AFFIRMATIVE DEFENSE

30. Air China's complaint is not well grounded in fact or law, and is predicated upon deliberate falsehoods and misinformation which even the most minimal investigation would have revealed as tainted and untrue.

### THIRD AFFIRMATIVE DEFENSE

31. In spite of Air China's breaches, WBM-JMK completed ninety (90%) percent of the project when Air China wrongfully terminated the construction contract, without cause or justification, and without payment to WBM-JMK of the remaining amounts owing.

### FOURTH AFFIRMATIVE DEFENSE

32. During all times relevant herein, Air China had the benefit of on site employees, professionals, including counsel, an

engineer, an architect and a consultant, to oversee compliance by WBM-JMK with the terms of the construction contract.

### FIFTH AFFIRMATIVE DEFENSE

33. All party defendants, except for WBM-JMK, were not parties to the underlying construction contract and have been named as party defendants in this action solely to burden and harass them and cause them to accede to Air China's unjustified and contrived demands.

### SIXTH AFFIRMATIVE DEFENSE

34. Air China placed in charge of the subject project employees who were not equipped to be placed in charge of a construction project and who were required to take orders and instruction from the regime in the Peoples Republic of China because such employees lacked any independent, decision-making authority.

### SEVENTH AFFIRMATIVE DEFENSE

35. Air China's two purported RICO claims (First and Second Claims for Relief) fail, as a matter of law, in that, among other things, they lack specificity and detail, preferring to lump together all defendants without distinction, and do not meet the strict pleading requirements for the assertion of such claims.

### EIGHTH AFFIRMATIVE DEFENSE

36. Air China seeks impermissibly to turn a garden-variety, albeit meritless, claim of breach of contract into a RICO action where there is no factual or legal basis supporting same. Same is a flagrant misuse of the statute.

### NINTH AFFIRMATIVE DEFENSE

37. Plaintiff's Third through Ninth Claims for Relief are not legally cognizable, and must be dismissed.

### TENTH AFFIRMATIVE DEFENSE

38. If Air China suffered any damages, as alleged in its complaint, such damages were the direct result of the actions or omissions of Air China itself or the actions or omissions of Air China's employees or agents.

### ELEVENTH AFFIRMATIVE DEFENSE

39. Air China engaged in a pattern of failing to abide the rules and regulations of local governmental authorities regarding safety issues, failing to make requisite filings for approvals and failing to make payment of fees and taxes, leading to long delays and problems at the project. At times, certain of the defendants actually advanced such fees on behalf of Air China to avoid needless delay.

### TWELFTH AFFIRMATIVE DEFENSE

40. During the project, Air China retained the services of an outside consultant, Craven Corporation, to oversee progress on the job, and which consultant oversaw and approved the work performed by WBM-JMK.

### THIRTEENTH AFFIRMATIVE DEFENSE

41. Air China's participation under the construction contract was marked by incompetence, a refusal to comply with contractual obligations and a total disregard for legal requirements and governmental authority.

### FOURTEENTH AFFIRMATIVE DEFENSE

42. Lack of privity of contract between Air China and all defendants except for WBM-JMK.

### FIFTEENTH AFFIRMATIVE DEFENSE

43. Pursuant to the terms of the construction contract, Air China was required to pay WBM-JMK in full on all work performed by WBM-JMK before Air China could seek to terminate the contract. Air China failed to do so.

### SIXTEENTH AFFIRMATIVE DEFENSE

44. Air China suffered no damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

45. Although Air China agreed to make additional payments to WBM-JMK, under an amendment to the contract prepared by Air China's counsel, it failed to make such payments and orchestrated events and excuses so as not to make such payments.

### EIGHTEENTH AFFIRMATIVE DEFENSE

46. Air China is equitably and legally estopped from asserting its claims.

### NINETEENTH AFFIRMATIVE DEFENSE

47. Air China's purported Claims for Relief fail to state claims upon which relief can be granted.

### TWENTIETH AFFIRMATIVE DEFENSE

48. The selection of WBM-JMK as contractor for the project was the result of a bid process controlled by Air China

and an investigation conducted by it and its agents of the bidders.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

49. Failure to name indispensable and necessary parties as defendants in this action.

### COUNTERCLAIM

A. **The Parties**

50. WBM-JMK Development LLC ("WBM-JMK") is, and at all material times hereinafter mentioned was, a limited liability company duly organized an existing under and by virtue of the laws of the State of New York, and maintain offices within the Southern District of New York.

51. Upon information and belief, Air China Limited is, and at all material times hereinafter mentioned was, a business entity duly organized and existing under and by virtue of the laws of the Peoples Republic of China, and maintains offices within the Southern District of New York.

B. **Jurisdiction and Venue**

52. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), because the counterclaim is between citizens of different states and the amount in controversy, exclusive of interest and costs. And exceeds $75,000.00.

53. The venue of this action is properly laid in the Southern District of New York, where most of the defendants either

reside or conduct business and where plaintiff maintains a place of business.

### C. Counterclaim by WBM-JMK

54. On or about May 31, 2005, WBM-JMK and Air China entered into a construction contract pursuant to which WBM-JMK was retained to renovate a facility for Air China, in Long Beach, New York, in accordance with the terms thereof.

55. Pursuant to the terms of the construction contract, WBM-JMK was to be paid the agreed upon sum of $4,000,000.00, and which amount, was adjusted, from time to time, pursuant to further agreement of the parties, to $4,393.950.00.

56. WBM-JMK undertook to and did perform the requisite services for Air China, under the terms of the construction contract, until Air China defaulted in meeting its contractual obligations to WBM-JMK, as a result of which work at the project by WBM-JMK ceased.

57. At the time WBM-JMK ceased work at the project, ninety (90%) percent of all work had been successfully completed.

58. The defaults by Air China consisted of, among other things, failing to pay WBM-JMK, as required under the construction contract, failing to pay the governmental authorities fees for permits, as well as taxes, failing properly or timely to file or seek approval for drawings with governmental authorities, failing to pay its architect and engineer, and other such conduct which impaired and hindered progress on the job, and, ultimately, brought work to a halt.

59. The serious problems and obstacles faced by WBM-JMK were exacerbated by the fact that personnel assigned by Air China to assist on the job were not trained in the construction field, did not appreciate or understand either the complexity of the work which had to be performed or the interplay between the construction work and local ordinances and rules regarding safety and payment of fees and taxes.

60. Efforts by WBM-JMK to seek payment from Air China for the amounts due and owing to WBM-JMK and/or to ensure that Air China met its other obligations so that progress on the project could proceed were met with resistance by Air China or were simply ignored by Air China.

61. By reason of the foregoing conduct on the part of Air China, which constitutes breach of contract, WBM-JMK has been damaged in the amount of $329,411.00 with interest thereon accrued and accruing.

WHEREFORE, defendants demand judgment against Air China Limited, as follows:

(a) Dismissing Air China Limited's complaint, in its entirety, with prejudice, and with the assessment of attorneys' fees and costs;

(b) Granting judgment to WBM-JMK Development LLC against Air China Limited, in the principal sum of $329,411.00 with interest thereon accrued and accruing;

(c) Granting judgment to defendants for all legal fees and expenses incurred by defendants in their defense of Air China Limited's legally and factually flawed claims;

(d) Together with such other, further and different relief as to the Court may seem just and proper.

Dated: New York, New York
       March 24, 2008

LAW OFFICES OF EDWARD WEISSMAN

By _____
Edward Weissman, Esq. (EW-1340)
Attorney for Defendants
60 East 42nd Street
47th Floor
New York, New York 10165
(212) 937-1520

P:\COMPANY SHARED\WEISSMAN\YG\CLIENTS\JMK CONSTRUCTION(KOPF)\AIR CHINA\CHINA.V.KOPF.ET.AL.ANSWER.AND.COUNTERCLAIM.DOC