UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
AIR CHINA LIMITED,

                               : Case No.
                               07 CV 11128
               Plaintiff,    (LTS)(DFE)

                               :

       -against-

                               :

NELSON LI (a/k/a SHENG LI),            :
JOHN A. VARACCHI (a/k/a JOHN A. DAVIS),
GEORGE F. DONOHUE, JAY KOPF           :
(a/k/a JACOB M. KOPF) CHRISTIAN M. DEUTSCH,
WBM-JMK DEVELOPMENT LLC            :
(d/b/a WBM INTERNATIONAL DEVELOPMENT), JMK
CONSTRUCTION GROUP LTD.,             :
TCC INTERIORS, LTD., GMAC REAL ESTATE LLC,
GMAC REAL ESTATE IPG NEW YORK,      :

                 Defendants.   :
-------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

### Preliminary Statement

       This Memorandum of Law is respectfully submitted by the
defendants in support of their motion to dismiss all Claims for
Relief asserted by plaintiff Air China Limited ("Air China") under
Fed. R. Civ. P. 12(b).

       To the extent that the first two Claims for Relief
purport to assert viable claims under the RICO statutory scheme,
they fail to do so.  The remaining state court claims asserted by
Air China are legally infirm, and do not state valid claims under
New York law.

       In the particular instance of defendants Christian M.
Deutsch and GMAC Real Estate LLC ("GRE"), they have been

denominated as party defendants despite the fact that they had no involvement whatsoever with the underlying transactions. They have been named in this lawsuit solely to burden and harass. Even the most minimal investigation of the underlying facts by Air China's counsel would demonstrate said defendants' non-involvement in the underlying transactions. See Affidavits of defendant Christian M. Deutsch and Susan Daniel GRE.

As will hereinafter be discussed, Air China has taken what is, at best, a simple claim for breach of contract under a construction agreement and called it everything but that in an effort to assert claims which are shown not to be legally viable, including the ones under RICO.

The complaint is a hodgepodge of allegations which seek to ignore the existence of the construction contract in favor of more exotic, but seriously deficient claims. The allegations suggest that defendants (lumped together without distinction) engaged in an implausible "fraud" or "conspiracy" by which they sought to take advantage of Air China, a large, multi-national entity, relative to the renovation of an Air China facility in Long Beach, New York. At best, these allegations assert a claim for breach of contract, and nothing else. The legal deficiencies warranting dismissal of the various claims for relief are clear and unassailable.

**Governing Law**

The construction contract (Kopf Affidavit, Exhibit C, Article 13), provides that New York law governs.

## THE CLAIMS FOR RELIEF MUST BE DISMISSED

### The Legal Standard

In deciding a motion to dismiss under Rule 12 (b) (6), the Court must "accept all the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Starr v. Georgeson Shareholder, Inc., 412 F.3d 103, 109 (2d Cir. 2005). The issue to be determined on such motion is whether the plaintiff should be entitled to offer evidence to support its claims, and not whether it will ultimately be successful in the lawsuit. King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999).

The standard for review on a motion for judgment on the pleadings under Fed. R. Civ. P. 12 (c) is analogous to the rules pursuant to Rule 12 (b) (6). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The Court must determine whether the "moving party is entitled to judgment as a matter of law." Burns International Security Services, Inc. v. International Union, United Plant Guard Workers of America, 47 F.3d 14, 16 (2d Cir. 1994). As with a 12 (b) (6) motion to dismiss, the issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support its claims. Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

## I. **The First and Second Claims for Relief Under RICO Must Be Dismissed**

### 1. **Misuse of the RICO Statute**

The Racketeer Influenced and Corrupt Organizations Act (RICO) was promulgated by Congress to protect legitimate businesses from being overrun by organized crime. Wiltshire v. Dhanraj, 421 F. Supp. 2d 544, 547 (E.D.N.Y. 2005). RICO imposes civil liability upon one who "uses or invests income derived from a pattern of racketeering activity to acquire an interest in or to control an enterprise engaged in interstate commerce; who acquires or maintains an interest in or control of such an enterprise through a pattern of racketeering activity; who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs through a pattern of racketeering activity; or, who conspires to violate the first three subsections of § 1962". Id.

While § 1962(a) aims to "prevent racketeers from using their ill-gotten gains to operate, or purchase a controlling interest in, legitimate businesses", § 1962(b) seeks "to prohibit the takeover of a legitimate business through racketeering". § 1962(c) is focused upon "prevent[ing] the operation of a legitimate business or union through racketeering". Id. at 548.

It is respectfully submitted that Air China has taken a garden-variety claim for breach of contract and attempted to turn it into something which it is not in order to avail itself of the RICO statutory scheme. As discussed immediately below, our courts

are quite sensitive to the potential abuse of the RICO statute, of which this case is a prime example.

Since the RICO statute endows a plaintiff with an "unusually potent weapon, courts have strived to flush out frivolous RICO allegations at an early stage in the litigation." At The Airport v. Isata, LLC, 438 F.Supp. 2d 55, 61 (E.D.N.Y. 2006). Accordingly, our courts generally review RICO allegations "with appreciation of the extreme sanctions it provides, so that actions traditionally brought in state courts do not gain access to treble damages and attorneys fees in federal court simply because they are cast in terms of RICO violations." Leung v. Law, 387 F.Supp. 2d 105, 112 (E.D.N.Y. 2005).

In the case at bar, Air China purports to assert claims under the RICO statutory scheme, but, as we shall demonstrate, fails to adequately plead the predicate acts of mail and wire fraud; fails to establish a pattern of racketeering activity; and fails even to demonstrate its standing to assert such claims.

## 2.   **Wire Fraud**

Air China must establish that defendants committed certain predicate acts which constitute "racketeering activity". 18 U.S.C. § 1961(1).   Mail fraud and wire fraud are the most common.

The elements of wire fraud are: (1) scheme to defraud; and (2) communication by wire in "intrastate or foreign commerce". Cofacredit S.A. v. Windsor Plumbing Supply, Inc., 187 F.3d 229,

243 (2d Cir. 1999).  Purely interstate communications are not sufficient under the statute.  Id.

In the case at bar, all of the defendants are residents of New York (except for GRE, a Delaware limited liability company, which is based in Illinois, but which had no involvement in the underlying transactions).  See Daniel Affidavit. Air China does not allege that any wire communications were interstate or intrastate.

"Where all parties are New York residents, all telephone calls are presumed to be intrastate and, absent any indication otherwise, the predicate act of wire fraud is not stated."  McCoy v. Goldberg, 748 F.Supp. 146, 154 (S.D.N.Y. 1990). Thus, lacking any allegation of interstate communication, Air China's wire fraud allegations are insufficient to serve as a predicate act under the RICO statute.  Utz v. Correa, 631 F.Supp. 592, 596 (S.D.N.Y. 1986) (a RICO predicate act of wire fraud "requires an interstate telephone call").

Air China has failed to adequately plead a wire fraud claim.

## 3.  Mail Fraud

A complaint alleging mail fraud must show:  (1) the existence of a scheme to defraud; (2) the defendants knowing and intentional participation in the scheme; and (3) the use of the mails in furtherance of a fraudulent scheme.  Cofacredit S.A. v. Windsor Plumbing Supply, Inc., 187 F.3d 229, 243 (2d Cir. 1999);

S.O.K.F.C, Inc. v. Bell Atlantic TriCon Leasing Corp., 84 F.3d 629, 633 (2d Cir. 1996).

In Moore v. PaineWebber, Inc., 189 3d 165, 173 (2d Cir. 1999), the Second Circuit stated as follows:

> In the RICO context, Rule 9 (b) calls for the complaint to specify the statements it claims are false or misleading, give the particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements. McLaughlin v. Anderson, 962 F.2d 187, 191 (2d Cir. 1992) (quoting Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989). The plaintiffs must also identify the purpose of the mailing within the defendant's fraudulent scheme. McLaughlin, 962 F.2d at 191. In addition, the plaintiffs must also allege facts that give rise to a strong inference of fraudulent intent. San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 812 (2d Cir. 1996).

A careful review of the complaint demonstrates that while lengthy, it fails to offer the requisite specificity required. The pleading prefers to lump together the defendants, without distinction, and held together through conclusory allegations accusing defendants of an intent to defraud. Absent specifics such as which defendant did what, when, how, to whom, through what means and how it advanced the fraudulent scheme, the pleading is deficient. McLaughlin v. Anderson, 962 F. 2d 187, 191 (2d Civ. 1992).

The mail fraud assertion fails.

**4.    <u>Racketeering Activity</u>**

Section 1964 (c) of the RICO statute creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of section 1962." <u>See</u> 18 U.S.C. § 1964.  To establish a RICO claim, a plaintiff must show: "(1) a violation of the RICO statute. 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of § 1962."  <u>Pinnacle Consultants, Ltd v. Leucadia Nationwide Corp.</u>, 101 F.3d 900, 903-04 (2d Cir. 1996) (citing <u>First National Bank v. Gelt Funding Corp.</u>, 27 F.3d 765, 767 (2d Cir. 1994).

In order to state a claim under the RICO statutory scheme, the plaintiff must allege a "pattern of racketeering activity."  Section 1961 (1) defines "racketeering activity" as certain criminal acts under state and federal law including, among other things, mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343.  To constitute a "pattern", the statute requires that plaintiff plead at least two predicate acts of racketeering activity within a ten year period. <u>See</u> 18 U.S.C. § 1961 (5).

The racketeering acts which constitute the pattern must be among the various criminal offenses listed in Section 1961 (1), and they must either be "related, and that they amount to or pose a threat of continued criminal activity."  <u>Cofacredit S.A. v. Windsor Plumbing Supply, Inc.</u>, 187 F.3d 229, 242 (2d Cir. 1999) (quoting <u>H.J. Inc. v. Northwestern Bell Tel Co.</u>, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.E.d 2d 195 (1989).  The latter so-

called "continuity" requirement can be satisfied either by showing a "closed-ended" pattern, which is a series of related predicate acts extending over a substantial period of time, or by demonstrating an "open-ended" pattern of racketeering activity that poses a threat of continuing criminal conduct beyond the period during which the predicate acts were performed.

Applying either standard, the complaint at bar pleads neither a closed-ended nor an open-ended pattern of racketeering activity.

Given that Air China has failed to plead the predicate acts, it necessarily cannot establish a pattern of "racketeering activity." However, even assuming arguendo that this Court finds that the predicate acts were adequately pled, the complaint, nonetheless, fails to allege a "pattern" of racketeering activity sufficient to state a claim under Section 1962 (c). Sufficiently alleging a pattern of racketeering activity requires at least two acts of "racketeering activity" occurring within two years of each other. See 18 U.S.C. § 1961 (5). However, such allegation, without more, is not sufficient to establish a requisite pattern. Colony at Holbrook, Inc. v. Strata G.C., Inc., 928 F.Supp 1224, 1237 (E.D.N.Y. 1996). "A pattern may be established by showing that the predicate acts of racketeering activity are related, and that they amount to or pose a threat of continuing criminal activity." Wiltshire v. Dhanraj, 421 F.Supp. 2d 544, 549-50 (E.D.N.Y. 2005). Predicate acts factually show a pattern if they have "same or similar purposes, results, participants, victims or methods of

commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." Colony at Holbrook, Inc., 928 F.Supp. at 1237.

"Continuity is both a closed-and open-ended concept, referring to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with the threat of repetition." Colony at Holbrook, 928 F.Supp. at p. 1237. To demonstrate closed-ended continuity, a party may show a series of related predicate acts extending over a substantial period of time, which the Second Circuit has held is satisfied by an interval of not less than two years. Secondly, to show open-ended continuity, a party must prove a "threat of continuing criminal activity beyond the period during which the predicate acts were performed. . .by assessing the nature of the RICO enterprise and predicate acts." Wiltshire v. Dhanraj, 421 F.Supp. 2d at p. 550.

Notably, in Wiltshire v. Dhanraj, the Court stated that where an enterprise is "engaged primarily in racketeering activity, and the predicate acts are inherently unlawful, there is a threat of continued criminal activity, and thus open-ended continuity. However, where the enterprise primarily conducts a legitimate business, there must be some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity." At page 550-51.

In the case at bar, the complaint (at best) alleges several unrelated and isolated occurrences, which Air China's complaint does not even bother to try to string together. Furthermore, the complaint does not provide specific dates or detail and seeks to lump together all of the defendants, without delineation.  As such, there is no way to infer whether the defendants (or even which defendants) engaged in the purported racketeering activity for a substantial period of time, rendering any attempt at closed-ended continuity futile.

From a fair reading of the complaint, it is entirely unclear when the unspecified RICO predicates began and ended.  Did they begin when the negotiations for the construction contract commenced?  Did they begin when the construction services began or sometime thereafter?  Did they begin when payments were made in consideration of the construction services performed?  Did they begin and end when the work at the project ceased due to non-payment by Air China?  DeFalco v. Bernas, 244 F.3d 286, 305 (2d Cir. 2001).  It is entirely ambiguous.

Given this ambiguity, Air China cannot establish closed-end continuity as the requisite time-frame cannot be determined.

Open-ended continuity is not achieved either, as the defendants' business is, undisputedly, lawful (construction and real estate), and the alleged conduct does not impart any inferences of the business regularly operating in a criminal-like manner.  Moreover, the entity known as WBM is not even claimed to

be still in business.  As such, a "pattern of racketeering" has not been demonstrated.

The defendants are legitimate businesses or legitimate businesspersons.  To show open-end continuity, a party must prove a "predicate continuing criminal activity beyond the period during which the predicate acts were performed. . .by assessing the nature of the RICO enterprise of the predicate acts." Wiltshire v. Dhanraj, 421 F.Supp. 2d 544, 549-50 (E.D.N.Y. 2005).

The Second Circuit recently upheld Judge Charles L. Brieant's rejection of both close-ended continuity and open-ended continuity in Spool v. World Child International Adoption Agency, 520 F.3d 178 (2d Cir. 2008).  That case is controlling precedent for the instant action, and Circuit Judge Livingston's analysis is particularly instructive.

5.    **Fed R. Civ. P. 9(b)**

The allegations relating to predicate acts must comply with the specificity requirements of Rule 9 (b).  Rule 9 (b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake [must] be stated with particularity." Fed R. Civ. P. 9 (b).  In order to satisfy this requirement, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent." Lerner v. Fleet National Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006).

A review of the complaint reveals once more Air China's fatal penchant to lump together each of the defendants, without delineation. Bologna v. Allstate Ins. Co., 138 F. Supp. 2d 310, 322 (E.D.N.Y.)(dismissing RICO claims because mail and wire fraud claims failed to satisfy strict Rule 9(b) pleading requirement". Air China fails to identify which defendant caused each allegedly fraudulent statement to be spoken, written, wired or mailed; to whom the communication was made; when the communication was made; and how same furthers a fraudulent scheme. McLaughlin v. Anderson, 962 F. 2d 187, 191 (2d Cir. 1992); Mathon v. Feldstein, 303 F. Supp. 2d 317, 322-3 (E.D.N.Y. 2004)("When the predicate acts of civil RICO claims are grounded in fraud, the concerns associated with pleading fraud with particularly take on even greater importance").

Since the predicate act allegations fail, the complaint cannot allege a pattern of racketeering activity. Accordingly, the motion to dismiss the RICO claims must be granted. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2d Cir. 1993); Crabhouse of Douglaston, Inc. v. Newsday, Inc., 418 F.Supp. 2d 193, 211-212 (E.D.N.Y. 2006).

Lastly, even if this Court was to find the allegations relating to the predicate acts were sufficiently pled, despite the lack of particularity and other infirmities, Air China does not sufficiently allege how such wires and mailings were used in furtherance of the fraudulent scheme. Even assuming there had been use of interstate wires and use of the mails by any of the

13

defendants in order to send invoices for work performed, to send status reports about the project or to request payment, such activities are hardly the type of communications for which the RICO statute was intended.

There are still other fatal deficiencies with respect to the RICO claims.

### 6.    18 U.S.C. § 1962(a)

In order to plead a violation of section 1962 (a) of the RICO statute, Air China must allege injury by reason of the defendants investment of racketeering income in an enterprise, "as distinct from injury traceable simply to the predicate acts of racketeering alone or to the conduct of the business of the enterprise". Wiltshire v. Dhanraj, 421 F. Supp. 2d at 548; see 18 U.S.C. § 1962 (a). The "enterprise" in subsection (a) refers not to the racketeering "enterprise", but contemplates investment in some other common, legitimate business. USA Certified Merchant LLC v. Koebel, 262 F.Supp. 2d 319, 331 (S.D.N.Y. 2003); Kaczmarek v. International Business Machines Corp., 30 F.Supp. 2d 626, 628 (S.D.N.Y. 1998).

There is no allegation in the complaint with respect to the investment of racketeering income in some other legitimate business. Thus, no claim under section 1962 (a) has been properly pled.

Air China fails to state a claim under Section 1962(a).

14

7.    **18 U.S.C. § 1962(b)**

Section 1962(b) states that "it shall be unlawful for any person through a pattern of racketeering activity. . .to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, which is engaged in, or the activities of which affect, interstate or foreign commerce." See 18 U.S.C. § 1962(b). The purpose of Section 1962(b) is "to prohibit the takeover of a legitimate business through racketeering, typically extortion or loansharking." Lugosch v. Congel, 443 F.Supp. 2d 254, 271 (N.D.N.Y. 2006) ("Essentially, section 1962(b) prohibits the takeover of legitimate businesses through racketeering activity").

To state a claim under Section 1962(b), a RICO plaintiff must allege that: (1) the purpose of the defendants racketeering activity was to acquire an interest or to maintain control of the enterprise; (2) that the defendants in fact acquired an interest or maintained control of the enterprise through a pattern of racketeering activity; and (3) that the plaintiff suffered an injury as a result of the acquisition of the enterprise. Black Radio Network, Inc. v. NYNEX Corp., 44 F.Supp. 2d 565, 579 (S.D.N.Y. 1999).

The "acquisition or maintenance injury" must be separate and apart from the injury suffered as a result of the predicate acts of racketeering. Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 657 (S.D.N.Y. 1996) (citing Official Publications v. Kable News Co., 775 F.Supp. 631, 635 (S.D.N.Y. 1991).

"Without a distinct acquisition injury [a plaintiff] cannot state a cause of action under subsection 1962 (b)." Discon, Inc v. NYNEX Corp., 93 F.3d 1055, 1062-63 (2d Cir. 1996), vacated on other grounds, 525 U.S. 128, 119 S.Ct. 493, 142 L.E.d. 2d 510 (1998); Matteo Leasing, Inc. v. Belleza, No. 95 Civ. 5191, 1997 WL 603496 at 3 (S.D.N.Y. Sept. 30, 1997) (the injury must be caused by "acquisition of an interest in an enterprise, as distinct from an injury resulting from the pattern of racketeering activity, or the commission of predicate acts."). U.S. Fire Ins. Co. v. United Limousine Serv., Inc., No. 01 Civ. 10821, 2004 WL 324477 at 12 (S.D.N.Y. Feb. 6, 2004) ("Failure to allege [a distinct acquisition injury] results in dismissal").

At bar, Air China fails to state a claim under § 1962 (b). First, the claim under Section 1962 (b) cannot be founded on an accusation that the defendants "acquired or maintained" an interest in the same corporate entity comprising the RICO "enterprise". The term "enterprise" contemplates that the defendants racketeering activity will enable them to acquire or maintain an interest in some legitimate company, other than the organization for which they allegedly conducted their racketeering activity. USA Certified Merchants, LLC v. Koebel, 262 F. Supp. 2d 319, 331 (S.D.N.Y. 2003).

At bar, the complaint makes no allegation that the defendants acquired an interest in a legitimate company other than WBM, which happens to be the organization through which the

defendants are alleged to have conducted such alleged racketeering activity.

Furthermore, there is no allegation that the defendants' purpose for pursuing the alleged racketeering activity was to acquire an otherwise legitimate business or that Air China suffered an injury which is distinct from the financial injury caused by the alleged predicate acts of wire and mail fraud. Reading the complaint, stripped of its numerous rhetorical flourishes and hyperbole, the presumed purpose of the alleged racketeering activity was financial gain, to be achieved by allegedly inducing Air China to contract with WBM, which allegedly lacked the intent to renovate the facility, as contractually required.

Air China fails to state a claim under Section 1962 (b).

### 8.   18 U.S.C. § 1962(c)

Under 18 U.S.C. 1962 (c), the alleged "enterprise" through which the "pattern of racketeering activity" is conducted must be distinct from those persons who stand accused of conducting the racketeering activity. Stated differently, the same entity cannot appear as both the RICO "enterprise" and the defendants in the same action. Anatian v. Coutts Bank, 193 F.3d 85, 88-89 (2d Cir. 1999); Riverwoods Chappaqua Corp v. Marine Midland Bank, NA, 30 F.3d 339, 344-45 (2d Cir. 1994); "[T]his distinctiveness requirement may not be circumvented by alleging the conspiracy between the defendant [corporation] and its own employees or agents carrying on the regular affairs of the

defendant." China Trust Bank of New York v. Standard Charter Bank, PLC, 981 F.Supp. 282, 286 (S.D.N.Y. 1997) (citing Riverwoods, 30 F.3d at 344).

As defendants read the RICO allegations, the defendants, the enterprise, and the persons engaging in the "pattern of racketeering activity" appear to be one and the same. This fails to satisfy the distinctiveness requirement discussed above. Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A., 30 F.3d 339, 344-45 (2d Cir. 1994).

Air China fails to state a claim under Section 1962(c).

## 9.  **Lack of Standing**

A party alleging a RICO violation has standing only to the extent it has been injured in its business or property by racketeering activity. Denney v. Deutsche Bank AG, 443 F.3d 253, 266 (2d Cir. 2006). Accordingly, a RICO plaintiff must allege injury to business or property in order to assert a RICO claim. Id. These contentions must establish that the "unlawful activity in question was the proximate cause of the plaintiff's injuries as well as the actual cause." Attick v. Valeria Assoc., L.P., 835 F.Supp. 103, 110-11 (S.D.N.Y. 1998).

The Second Circuit has established a two-prong test to discern if proximate cause exists. First, the injury must result from the defendants' racketeering activity or commission of the RICO predicate acts. Baisch v. Gallina, 346 F. 3d 366, 372 (2d Cir. 2003); Lerner v. Fleet Bank, N.A., 318 F. 3d 113, 120-124 (2d Cir. 2003). A plaintiff lacks standing under RICO if it suffered

an injury which was indirectly caused by the racketeering activity. At The Airport v. Isata, Inc., 435 F.Supp. 2d 55 (E.D.N.Y. 2006); Attick v. Valeria Associates, L.P., 835 F. Supp. 103, 110-11(S.D.N.Y. 1992). The Court then must determine whether the defendants' actions were a substantial factor in causation, and whether the injury was reasonably foreseeable. Id.

At bar, Air China lacks standing under RICO as its alleged injuries were not directly and proximately caused by the purported racketeering activity. See 18 U.S.C. § 1964 (c). The essence of Air China's claim is that WBM did not properly perform the renovation services required under the construction contract. The alleged injury (a claim of damages stemming from WBM's alleged lack of performance at the project) has little or nothing to do with the alleged racketeering activities or is, at best, indirect or tangential to them.

Air China lacks standing to assert a RICO claim.

Based upon the foregoing points, Air China's First and Second Claims for Relief under RICO must be dismissed.

## II. Third Claim For Relief For Breach Of Fiduciary Duty Must Be Dismissed

Our courts uniformly have held that it matters not what a claim is called by a party, but rather it is the essence of the claim which controls. Texas Eastern Transmission Corporation v. General Electric Company, 601 F.Supp. 6, 27 (S.D.N.Y. 1985) (citing to Sears, Roebuck and Corporation v. Enco Associates, Inc. 43 N.Y. 2d 389, 372 N.E. 2d 555, 401 N.Y.S. 2d 767 (1977);

Schulman Investment Company v. Olin Corporation, 477 F.Supp. 623
(S.D.N.Y. 1979); Sager v. DeRiggi, 161 A.D. 2d 571, 555 N.Y.S. 2d
148 (2d Dept. 1990).

In Sears, Roebuck and Company v. Enco Associates, Inc.,
the New York State Court of Appeals set forth this principle in
words which have been quoted many times, in many New York federal
and state courts:

> All obligations of the architects here,
> whether verbalized as in tort for professional
> malpractice, or as in contract for
> nonperformance of particular provisions of the
> contract, arose out of the contractual
> relationship of the parties - - - i.e., absent
> the contract between them, no services would
> have been performed and thus there would have
> been no claims.

at p. 396.

Reference is made to Exhibits "C" and "D", respectively,
to the Kopf Affidavit. The relationship between Air China and the
defendants in this case is defined pursuant to an express contract
between Air China and WBM relative to the construction work to be
performed. (Kopf Affidavit, Exhibits "C" and "D").

When the Court reviews Air China's lengthy 47 page, 239
paragraph Complaint, it no doubt will be struck by the fact that
although there are references to the contract, there is no
specific claim for relief based upon breach of contract. This,
despite the fact that the true essence of Air China's claim is one
for breach of contract. Indeed, one has to go all the way to page
46 of the complaint, the WHEREFORE clause, subdivision (A), to
learn that Air China is essentially seeking to have the contract

"rescinded" - - - although none of the claims for relief seek that contractual remedy.

It is submitted that the foregoing was a conscious decision by Air China to avoid what this case is really about, competing claims of breach of contract between Air China and WBM (and to seek to avoid what is the true essence of its claim in favor of the more exotic claims of RICO, fraud, breach of fiduciary duty, etc., most of which are totally incompatible, from a legal standpoint, with a claim for breach of contract).

Air China's Third Claim for Relief purports to be one for breach of fiduciary duty. Defendants are aware of no New York legal authorities which would characterize the relationship between an owner of a building and a contractor hired to renovate that building as establishing a fiduciary relationship - - - particularly where there is an express contract which fully defines that relationship. At bar, the essence of the contractual breach and breach of fiduciary duty claim arise out of the same facts, and, thus, the breach of fiduciary duty claim fails. Rabin v. MONY Life Insurance Company, 207 U.S. Dist. LEXIS 18437 (S.D.N.Y., 3/8/07, J. Swain); Ciocca v. Neff, 20055 U.S. Dist. LEXIS 12222 (S.D.N.Y., 6/20/05, J.Swain).

In Ciocca, this Court held that where a breach of fiduciary duty or breach of contract claim are based upon the same facts, and seek identical relief, such claims are redundant and the breach of fiduciary duty claim must be dismissed.

This is the precise circumstance at bar, where the essence of Air China's claim is one for breach of contract (regardless if it seeks money damages or rescission), and, as such, a claim for breach of fiduciary duty does not lie.  In addition, a claim for breach of fiduciary duty does not lie given the absence of any possible fiduciary or confidential relationship between Air China and any of the defendants.

The Third Claim for Relief must be dismissed.

### III. The Fourth Claim For Relief For Conversion Must Be Dismissed

Under New York law, the tort of conversion is established when one who owns and has the right to possession of personal property demonstrates that the property is, without the owner's consent or authorization, in the possession of another who is acting to exclude the rights of the owner.  Thyroff v. Nationwide Mutual Insurance Co., 460 F. 3d 400, 403-4 (2d Cir. 2006).  Under New York law, a conversion claim which is merely duplicative of a breach of contract claim is not actionable. Melcher v. Apollo Med. Fund Mgmt., 25 A.D. 3d 482, 483, 808 N.Y.S. 2d 207 (1st Dept. 2006); Richbell Info. Services, Inc. v. Jupiter Partners LLP, 309 A.D. 2d 288, 306, 765 N.Y.S. 2d 575 (1st Dept. 2003); Fesseha v. TD Waterhouse Investors Services, 305 A.D. 2d 268, 269, 761 N.Y.S. 2d 22 (1st Dept. 2003).

The claim for conversion is deemed redundant, and will be dismissed where the essence of the claim is one for breach of contract.  Camp Summitville of Summitville, Inc. v. Visinski, 2007

U.S. Dist. LEXIS 28496 (S.D.N.Y., 4/13/07, J. McMahon); Calcutti v. SBU, Inc., 223 F.Supp. 2d 517, 523 (S.D.N.Y. 2002).

At bar, the conversion claim is merely a recast of what should be a claim for breach of contract.

The Fourth Claim for Relief fails.

## IV.  The Fifth Claim for Relief for Unjust Enrichment Fails

A claim for unjust enrichment cannot be sustained where a valid, enforceable contract exists between the parties. Adelaide Productions, Inc. v. BKN Intern. AG, 38 A.D. 2d 221, 225, 834 N.Y.S. 2d 3, 4 (1st Dept. 2007); Single Asset Finance Co., LLC v. Melvin, 33 A.D. 3d 355, 358, 822 N.Y.S. 2d 68, 70 (1st Dept. 2006); Shawn v. AOL Time Warner, 18 A.D. 3d 216, 217, 794 N.Y.S. 2d 342 (1st Dept. 2005).

In the case at bar, the Fifth Claim for Relief seeks damages based upon unjust enrichment. However, as more fully demonstrated in the Kopf Affidavit, Exhibits "C" and "D", respectively, there exists an express written contract which defines the relationship between the parties. As such, the Fifth Claim for Relief for unjust enrichment fails. Payday Advance Plus, Inc. v. Findwhat.com, Inc., 478 F.Supp. 2d 496, 504-5 (S.D.N.Y. 2007); Goll v. First Tennessee Capital Markets, 2006 U.S. Dist. LEXIS 52931 (S.D.N.Y., 8/1/06, J. Baer).

The existence of an express contract between the parties is fatal to the Fifth Claim for Relief for unjust enrichment.

## V. The Sixth and Seventh Claims for Relief for Negligence and Negligent Misrepresentation Fails

A party cannot simultaneously seek contractual relief and, at the same time, sue for negligence or negligent misrepresentation, where those tort claims are merely duplicative of a contractual claim. Greenman-Pederson, Inc. v. Levine, 37 A.D. 3d 250, 829 N.Y.S. 2d 107 (1st Dept. 2007); TAG 380 LLC v. ComMet 380, Inc., 40 A.D. 3d 1, 8, 830 N.Y.S. 2d 87, 92 (1st Dept. 2007).

Where a negligence claim grows out of a contract claim, an independent duty that springs from circumstances outside the contract must exist to sustain the negligence claim.  In the absence of such independent duty, the negligence claim fails. CSCE Payday Advance Plus, Inc v. Findwhat.com, Inc., 478 F.Supp. 2d 496, 505-506 (S.D.N.Y. 2007); Calcutti v. SBU, Inc., 223 F.Supp. 2d 517, 522-23 (S.D.N.Y. 2002).

In the case at bar, the sole basis for the relationship between the parties is an express contract (and an express amendment to the contract).  See Hopt Affidavit, Exhibits "C" and "D".  Neither the Sixth nor the Seventh Claims for Relief, plead or reference any duty which is separate and apart from the contractual duty to renovate Air China's facility in Long Beach, New York.

The Sixth and Seventh Claims for relief fail.

## VI. The Eighth Claim for Relief for Fraud in the Inducement and Deceit Fails

At the outset, the fraud and deceit claims allegedly asserted in the Eighth Claim for Relief fail to plead fraud allegations with the requisite specificity required under Fed. R. Civ. P. Rule 9 (b). The lumping together of the defendants, without distinction, as the complaint does, is a glaring and fatal pleading deficiency.

It is well settled law in New York that a claim for fraud or deceit will be dismissed where the fraud or deceit is merely duplicative of or a recasting of what would essentially be a claim for breach of contract. Nikitovich v. O'Neal, 40 A.D. 3d 300, 301, 836 N.Y.S. 2d 34, 35 (1st Dept. 2007); Greenman-Pederson, Inc. v. Levine, 37 A.D. 3d 250, 829 N.Y.S. 2d 107, 108 (1st Dept. 2007); Rivas v. Amerimed USA, Inc., 34 A.D. 3d 250, 824 N.Y.S. 2d 41 (1st Dept. 2006).

Under New York law, a claim for fraud cannot be sustained where the only fraud alleged relates to or arises out of a breach of contract. See Solutia Inc v. FMC Corp., 385 F. Supp. 2d 324, 342-343 (S.D.N.Y. 2005); Dyncorp v. GTE Corp., 215 F. Supp. 2d 308, 323-327 (S.D.N.Y. 2002).

The Eighth Claim for Relief for common law fraud in the inducement and deceit is essentially a claim that the defendants (once more lumped together without delineation) made intentionally false statements regarding their intent to fulfill their contractual obligations. This does not give rise to a fraud claim

separate from the contract claim where the so-called fraud claim is a mere recasting of the contract claim.  Camp Summit of Summitville, Inc. v. Visinski, 2007 U.S. Dist. LEXIS 24896 (S.D.N.Y., 4/13/07, J. McMahon); Rosenblatt v. Christie Manson and Woods, Ltd., 2004 U.S. Dist LEXIS 23816 (S.D.N.Y., 10/14/05, J. Castel), aff'd., 2006 U.S. App LEXIS 22542 (2d Cir. 2006).

Air China's Eighth Claim for Relief for common law fraud in the inducement and deceit must be dismissed.

## VII. The Ninth Claim for Relief for an Accounting Fails

In order for a claim for an accounting to be sustained, there must exist a fiduciary or trust relationship between the parties involved in the subject matter of the dispute.  Malmsteem v. Berdon, LLP, 477 F.Supp. 2d 655, 668 (S.D.N.Y. 2007).  If no such fiduciary duty exists, the claim for an accounting will be dismissed.  Id.  See also Asian Vegetable Research and Development Center v. Institute of International Education, 944 F.Supp. 1169 (S.D.N.Y. 1996).  In order to be entitled to an accounting, there must be a relationship of a mutual and confidential nature; with money or property entrusted to the defendant imposing a duty to account; and no adequate legal remedy).  (Dayan Enterprises Corp. v. Nautica Apparel Inc., 2003 (WL 22832706) (S.D.N.Y. 2003).  None of these elements are pled or are present at bar.

The essence of the claim here is one for breach of contract between Air China and WBM involving the renovation of a building.  The relationship is governed by a contract which does not reference any fiduciary relationship.  The essence of the

26

dispute is Air China's claim that WBM did not perform properly under the contract, with WBM counterclaiming that it was not paid in full for the services which it performed under the contract.

Given the above, there is no basis whatsoever for a claim for an accounting. No fiduciary or confidential relationship exists between or among any of these parties, and Air China has a legal remedy in the nature of a claim for breach of contract if it chooses to pursue that course.

The Ninth Claim for Relief for an accounting fails.

## VIII. The Tenth Claim for Relief Under General Business Law § 349 Fails.

The Tenth Claim for Relief is Air China's claim that New York General Business Law § 349 has been violated by the defendants (once again lumped together) engaging in deceptive and misleading conduct. Here too, Air China's claim fails.

First, Air China lacks standing to assert a claim under § 349 as Air China is not a "consumer" who purchases goods, services or property for personal, family or household purposes, as specifically required under § 349. New York University v. Continental Insurance Company, 87 N.Y. 2d 305, 321, 662 N.E. 2d 763, 633 N.Y.S. 2d 263, 290-91 (1995); Medical Society of State of New York v. Oxford Health Plans, 15 A.D. 3d 206, 206-07 (1st Dept. 2005); Cruz v. NYNEX Info Resources, 263 A.D. 2d 285, 289-290 (1st Dept. 2000). (All dismissing claims brought under Gen. Bus. Law § 349 where the claims asserted were not deemed consumer-oriented). Dismissal of the Tenth Claim for Relief is required.

Second, such claim also fails where a plaintiff is shown to have rights under a private contract, and thus the claim does not affect the consuming public at large. New York University v. Continental Insurance Company, 87 N.Y. 2d 305, 662 N.E. 2d 763, 633 N.Y.S. 2d 283 (1995) (§ 349 claim dismissed based upon the existence of private contract dispute); Revlon Consumer Products Corp. v. Arnow, 238 A.D. 2d 223, 657 N.Y.S. 2d 9, 10 (1st Dept. 1999) (dismissing Gen. Bus. Law § 349 claim because there was a private contract dispute involved). At bar, this case boils down to a private contract dispute between Air China and WBM. Dismissal of the Tenth Claim for Relief under General Business Law § 349 is required on this additional basis.

The Tenth Claim for Relief fails.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the First through Tenth Claims for Relief must be dismissed, pursuant to Fed. R. Civ. P. 12 (b), as legally insufficient.

Dated: New York, New York
       July 21, 2008

Respectfully submitted,

LAW OFFICES OF EDWARD WEISSMAN

By _____
Edward Weissman, Esq. (EW-1340)
Attorney for Defendants
60 East 42nd Street
47th Floor
New York, New York 10165
(212) 937-1520