UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
AIR CHINA LIMITED,

                                          : Case No.
                                             07 CV 11128
                     Plaintiff,           (LTS)(DFE)
                                              :
       -against-

                                              : **REPLY AFFIDAVIT**

NELSON LI (a/k/a SHENG LI),               : **Motion**
JOHN A. VARACCHI (a/k/a JOHN A. DAVIS),   **Return date: 8/12/08**
GEORGE F. DONOHUE, JAY KOPF               :
(a/k/a JACOB M. KOPF) CHRISTIAN M. DEUTSCH,
WBM-JMK DEVELOPMENT LLC                    :
(d/b/a WBM INTERNATIONAL DEVELOPMENT), JMK
CONSTRUCTION GROUP LTD.,                    :
TCC INTERIORS, LTD., GMAC REAL ESTATE LLC,
GMAC REAL ESTATE IPG NEW YORK,           :

                     Defendants.     :
------------------------------------------------X

STATE OF NEW YORK   )
                         )ss.
COUNTY OF NEW YORK  )

        EDWARD WEISSMAN, being duly sworn, deposes and says:

        1.   I am a member of the Bar of this Court and I am counsel for the defendants in the above-captioned action. I am fully familiar with all of the facts and circumstances hereinafter set forth and I submit this Reply Affidavit: (a) in response to the papers offered by plaintiff Air China Limited in opposition to the defendants' motion to dismiss, and (b) in further support of the defendants' motion to dismiss.

A.   **Preliminary Comment**

        2.   The opposition papers are most notable for a failure to discuss, in any meaningful way, the legal basis

warranting the dismissal of the deficient Claims for Relief in the complaint. Instead, the opposition papers attempt to divert this Court's attention away from the legal deficiencies which beset the complaint by raising extraneous issues having little or nothing to do with the sufficiency of the claims.

       3.    By way of example, plaintiff's counsel actually suggests that the timing of the motion is rooted in some type of "tactic", as depositions in this case are scheduled to commence shortly. There is no tactic behind the making of the motion to dismiss, and the making of the motion will not affect pending discovery in the least.

       4.    Counsel for plaintiff is aware that this motion was coming because, in accordance with this Court's Rules, the issues underlying the motion were discussed with counsel in advance. Secondly, this motion would have been made earlier, but for the fact that in late June, a mediation session was conducted before Magistrate Judge Eaton. I did not think it appropriate to spend time or resources making this motion until the outcome of the mediation was known. When mediation proved unsuccessful, work on the motion began.

       5.    As pointed out in the defendants' Memorandum of Law, at pages 4 through 5, our courts encourage defendants to move promptly against deficient RICO claims at an early state in the litigation process. This is precisely what the defendants have done. Defendants have also moved against the other legally

deficient claims, as discussed and analyzed in the defendants' Memorandum of Law.

6. While plaintiff's counsel may view the motion as a "tactic", I submit to this Court that the motion is anything but a tactic. This conclusion is buttressed by the feeble opposition to the motion which, in many instances, completely misses the mark and/or fails to address the legal basis warranting dismissal.

7. As more fully set forth in the defendants' Memorandum of Law, each of the claims for relief asserted by the plaintiff is legally deficient. The plaintiff has taken a garden variety claim for breach of contract, and attempted to call it everything but what it is in order to avail itself of the RICO statutory scheme, and assert other claims which would not be legally viable if pled with a claim for breach of contract. See defendants' Memorandum of Law, pp. 4-5, 19-28.

## THE MOTION TO DISMISS SHOULD BE GRANTED

**A.   RICO**

8. The defendants' Memorandum of Law, at pages 3 through 19, offers a detailed analysis of why the RICO claims asserted by the plaintiff (First and Second Claims for Relief) are legally deficient. The pleading requirements under RICO are both stringent and exacting. The purported RICO claims here are not legally deficient in one or two areas, but are demonstrated to be legally deficient in many respects. These include, among other things, the following:

    (a) The mail and wire fraud claims fail to establish specific intent to defraud;

    (b) The mail fraud claim is substantively deficient;

    (c) The wire fraud allegations are presumed to be intrastate;

    (d) Plaintiff has failed to establish a pattern of racketeering activity;

    (e) Plaintiff has failed to allege a distinct RICO enterprise and RICO person pursuant to 18 § U.S.C. 1962(c);

    (f) Plaintiff has failed to allege that its injuries arose distinct from defendants' reinvestment of racketeering proceeds into another legitimate enterprise, rather than from an injury allegedly caused by the predicate acts under § 1962(a);

    (g) Plaintiff failed to allege an acquisition or maintenance injury under § 1962(b) distinct from injuries arising from the acts of racketeering activity;

    (h) Plaintiff has failed to demonstrate standing under § 1964(c) by alleging that the racketeering activity was the actual and proximate cause of its injuries.

These are discussed at some length in defendants' Memorandum of Law.

    9. In the face of the detailed analysis offered by defendants in their Memorandum of Law, the opposition basically cites this Court to the plaintiff's 46 page complaint, but fails

4

to offer any meaningful discussion or counter-analysis on any of the points raised. In effect, the opposition seeks to preserve its legally deficient RICO claims by asking this Court to consider its pleading as if talismanically a seriously flawed and deficient RICO pleading will be salvaged by virtue of the length of the complaint.

10. For each of the uncontroverted reasons discussed in defendants' Memorandum of Law, at pages 3 through 19, the RICO claims are legally deficient and must be dismissed.

**B.   As to defendants Christian M. Deutsch and GMAC Real Estate IPG New York**

11. With the moving papers, the defendants submitted affidavits by defendant Christian M. Deutsch and Susan Daniel of defendant GMAC Real Estate LLC attesting to the fact that neither party had any involvement whatsoever in the underlying transactions. See Affidavits of Deutsch and Daniel.

12. I have read the opposition papers and fail to see where or how these contentions have been rebutted. Is defendant Deutsch to remain in this lawsuit by virtue of the fact that he carries a business card? Is defendant Deutsch to remain in this lawsuit because he happens to have business dealings with some of the other defendants unrelated to the underlying transactions? By lumping together defendant Deutsch with the other defendants, this plaintiff believes that it can target persons with impunity. There is not a scintilla of evidence to suggest that defendant

Deutsch had any involvement in the underlying transactions. Defendant Deutsch should be dismissed from this action.

13. Defendant GMAC Real Estate LLC submitted an Affidavit demonstrating that it operates as the franchisor for defendant GMAC Real Estate IPG New York. The Daniel Affidavit further attests to the fact that defendant GMAC Real Estate LLC had no involvement whatsoever with any of the underlying transactions. Again, plaintiff, in wholly irresponsible fashion, has targeted this entity (as it did with defendant Deutsch) with no good faith belief that it is a proper party defendant. Certainly, at this juncture, the plaintiff no longer has a good faith belief as to the participation of either defendants Deutsch or GMAC Real Estate LLC in the underlying action, and, as such, both of these defendants should be dismissed from this action.

C. **The State Law Claims**

14. As more fully set forth in the defendants' Memorandum of Law, the essence of the plaintiff's claims, viewed in the most favorable light, is that of a garden-variety breach of the construction contract claim between plaintiff and defendant WBM International Development LLC ("WBM"). However, the plaintiff determined that it was going to take this garden-variety claim for breach of contract and call it everything that it is not, from RICO (First and Second Claims for Relief) to breach of fiduciary duty (Third Claim) to conversion (Fourth Claim) to unjust enrichment (Fifth Claim) to Negligence and Negligent Misrepresentation (Sixth and Seventh Claims) to fraud in the

inducement and deceit (Eighth Claim) to an accounting claim (Ninth Claim) to a claim under General Business Law § 349 (Tenth Claim). However, the essence of the plaintiff's claims is one for breach of contract. The attempt to make it something which it is not should be rejected by this Court as such "creativity" must yield in the face of reality and the law.

15. As demonstrated in the defendants' Memorandum of Law, at pp. 19 through 21, once it is determined that the essence of the plaintiff's claim is one for breach of contract under the parties' construction agreement, then the claims based upon breach of fiduciary duty, conversion, unjust enrichment, negligence and negligent misrepresentation, fraud in the inducement and deceit all fail under New York law as duplicative of the breach of contract claim.

16. Similarly, the claim for an accounting fails since there is no possible fiduciary relationship between parties to a construction contract. See defendants' Memorandum of Law, at pp. 26-27.

17. The opposition also seeks to salvage the seriously flawed claim asserted under General Business Law § 349. However, what the opposition fails to do is refute the fact that plaintiff lacks standing to assert such claim as it is <u>not</u> a consumer, and, equally importantly, such claim cannot be asserted where, as here, there is an express contract between the parties. See defendants' Memorandum of Law pp. 27-28.

18. The Catafago Affidavit, at paragraph 30, predictably asks this Court for leave to replead if the Claims for Relief are determined to be legally deficient, as contended by the defendants. Although counsel's request is not supported by an Affidavit from the plaintiff itself, if the Court is inclined to grant leave to replead, leave to replead should be granted solely to the extent of permitting plaintiff to assert a breach of contract claim against defendant WBM (the signatory to the construction contract along with the plaintiff), with all of the deficient claims for relief dismissed and all of the other party defendants to this action, except for WBM, dismissed as well.

19. For each of the foregoing reasons set forth above, and those set forth with the moving papers, including defendants' Memorandum of Law, the defendants' motion to dismiss should be granted in all respects.

_____
EDWARD WEISSMAN

Sworn to before me this
8th day of August, 2008

_____
Notary Public

CORI A. ROBINSON
Notary Public, State of New York
No. 02RO6171871
Qualified in New York County
Commission Expires July 30, 2011

P:\COMPANY SHARED\WEISSMAN\YG\CLIENTS\JMK CONSTRUCTION(KOPF)\AIR CHINA\CHINA.V.LI.ET.AL.DEFENDANTS'.REPLY.AFFIDAVIT.EW.DOC